OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
 

 As an additional insured under the policy issued to Guardian Pearl Street Garage Corp., plaintiff building owner was covered "only for liability arising out of the ownership, maintenance and use of that part of the described premises which is leased to [Guardian].” Although Guardian’s use of the plaintiff’s premises was governed by a "management agreement” rather than a "lease,” the ambiguous "additional insured” endorsement should be construed to encompass the actual contractual relationship between plaintiff and Guardian, since any other interpretation would render the extra coverage Guardian purchased nugatory.
 

 So construed, the endorsement gave plaintiff at least a right to an insurer-sponsored defense in the action that was brought against it for injuries sustained by a pedestrian who allegedly tripped and fell on the sidewalk outside its building. The part of the sidewalk where the alleged accident occurred was necessarily used for access in and out of the garage Guardian operated and was thus, by implication, "part of the * * * premises” that Guardian was licensed to use under the parties’ agreement. Consequently, the claim arose out of "the ownership, maintenance [or] use of’ the garage. Accordingly, the allegations in the complaint fell within the risk covered by the policy and defendant insurer was obligated to defend plaintiff in the pending action.
 

 Chief Judge Kaye and Judges Titone, Smith, Levine, Ciparick and Wesley concur in memorandum; Judge Bellacosa taking no part.
 

 Order affirmed, etc.