■ NATIONAL AMUSEMENTS, INC., Appellant, v SCOTTSDALE INSURANCE COMPANY et al., Respondents. [676 NYS2d 590] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered January 27, 1998, which denied plaintiff's motion for summary judgment, unanimously reversed, on the law, with costs, the motion granted, and defendants are declared obligated to defend plaintiff in the underlying personal injury action.

Plaintiff, which operates a motion-picture theater on Long Island, entered into a contract with defendant Aero whereby the latter was to provide security services for the theater, and was to maintain a comprehensive general-liability insurance policy naming plaintiff as an additional insured. Aero neglected

to add plaintiff as an additional insured. Nevertheless, Aero still had a contractual duty to defend and indemnify its customer for liability from negligence in connection with its performance of security services. Furthermore, Aero's liability insurance policy obligated its own insurer, National Casualty Company (sued herein under the concededly mistaken name, Scottsdale Insurance Company), to defend any suit against Aero based on a damage claim for personal injury.

The underlying claim of injury stems from an ongoing altercation during a movie show that ultimately led to a stabbing of one of the patrons in front of the theater. This was a risk within the scope of the policy, entitling plaintiff to an insurer-sponsored defense in the underlying action (*ZKZ Assocs. v CNA Ins. Co.*, 89 NY2d 990). That the duty to defend such an action is broader than the duty to indemnify (*Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 648) is precisely the reason why such liability coverage has been described as " 'litigation insurance' " (*International Paper Co. v Continental Cas. Co.*, 35 NY2d 322, 326).

Accordingly, plaintiff is entitled to a declaration to defend, on its motion for summary judgment. We do not reach the question of indemnification, since that duty will be determined by the outcome of the underlying action at trial. Concur—Sullivan, J. P., Rosenberger, Wallach and Andrias, JJ.