■ UNITED STATES FIRE INSURANCE COMPANY, Respondent, v CNA et al., Appellants. [752 NYS2d 765] —Appeal from a judgment (denominated order) of Supreme Court, Erie County (Makowski, J.), entered March 1, 2002, which, inter alia, granted plaintiff's cross motion for summary judgment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendants appeal from a judgment denying their motion for summary judgment dismissing the complaint and granting plaintiff's cross motion for summary judgment declaring that plaintiff is entitled to indemnification from defendants. We affirm. Kenneth Evanisko, a plaintiff in the underlying action, was injured while employed by Kirkwood Inc., doing business as Cannon Electrical Company (Cannon), at a construction site. Cannon was insured by defendants under a primary comprehensive general liability policy and Chesley Corporation (Chesley), the general contractor at the construction site, was insured by plaintiff under a commercial umbrella policy. Chesley was also an additional insured under the policy issued by defendants to Cannon. The underlying action was commenced against Chesley, and Chesley commenced a third-party action against Cannon for contractual indemnification. Supreme Court granted the motion of the plaintiffs in the underlying action for partial summary judgment on the issue of liability, and Chesley subsequently settled the underlying action for $1,500,000. North River Insurance Company (North River), one of Chesley's insurers, paid $1,000,000 of that amount, and plaintiff herein paid the remaining $500,000. The court granted Cannon's motion for summary judgment dismissing the third-party action for contractual indemnification, and the court granted Chesley leave to amend the third-party complaint to assert a claim for common-law indemnification. The record does not establish whether Chesley ever did so. Plaintiff subsequently commenced this action seeking a declaration that defendants are obligated to indemnify Chesley for the $500,000 paid by plaintiff.

The issue before us is whether the policies of plaintiff and defendants are co-excess to each other, or whether the coverage of one policy must be exhausted before a claim may be made against the other policy. Having examined "the purpose each policy was intended to serve as evidenced by both its stated coverage and the premium paid for it * * *, as well as * * * the wording of its provision concerning excess insurance" (*State Farm Fire & Cas. Co. v LiMauro*, 65 NY2d 369, 374), we conclude that the coverage under the policy issued by defendants must be exhausted before a claim may be made against the policy issued by plaintiff. Plaintiff's policy is an umbrella policy, whereas defendants' policy affords primary coverage; plaintiff's policy is for a premium substantially less than the premium for defendants' policy; and plaintiff's policy expressly

negates contribution with other insurers, whereas defendants' policy does not (*see id.* at 374-376; *see also American Tr. Ins. Co. v Continental Cas. Ins. Co.*, 215 AD2d 342, 343). We reject defendants' contention that plaintiff voluntarily participated in the settlement of the underlying action and thus no subrogation rights accrued to plaintiff. Pursuant to the terms of the insurance policy issued by plaintiff, plaintiff's obligation to defend Chesley in the underlying action arose when the coverage under Chesley's policy issued by North River and other insurance from defendants was exhausted. The coverage under the policy issued by North River was exhausted with its $1,000,000 payment toward the settlement and defendants refused to pay into the settlement, thus giving rise to plaintiff's obligation to pay the remaining $500,000. "Plaintiff did not act as a mere volunteer in providing its insured with a defense and paying the [settlement], for it did so only after defendant[s] refused [to pay]" (*General Acc. Ins. Co. v United States Fid. & Guar. Ins. Co.*, 193 AD2d 135, 137). Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Burns and Lawton, JJ.