■ FRANK V. MULI, SR., Appellant, v FRANK SCHAMBRA, Respondent. [775 NYS2d 177]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Pitts, J.), dated March 17, 2003, as dismissed his cause of action to recover an attorney's fee.

Ordered that the judgment is reversed insofar as appealed from, with costs, the cause of action to recover an attorney's fee is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, to determine the amount of an attorney's fee, if any, to be awarded to the plaintiff.

The parties entered an agreement, which was to be interpreted pursuant to Virginia law, whereby the defendant agreed to indemnify and reimburse the plaintiff with regard to a broad range of costs in connection with Skyline Industries, Inc. The plaintiff commenced this action to enforce the agreement, and all issues were settled except for the issue of whether the plaintiff was entitled to an award of an attorney's fee for prosecuting the instant action. Based on submissions from the parties, the Supreme Court decided, in accordance with Virginia law, that the plaintiff was not entitled to an attorney's fee. We reverse.

According to Virginia law, "[i]t is the function of the court to construe the contract made by the parties, not to make a contract for them" (*Wilson v Holyfield,* 227 Va 184, 187, 313 SE2d 396, 398 [1984]). Where the terms in a contract are clear and unambiguous, the contract is construed according to its plain meaning (*see Bridgestone/Firestone, Inc. v Prince William Sq. Assoc.,* 250 Va 402, 407, 463 SE2d 661, 664 [1995]). No word or clause in a contract will be treated as meaningless if a reasonable meaning can be given to it, as the parties are presumed not to have included needless words in a contract (*see D.C. McClain, Inc. v Arlington County,* 249 Va 131, 135-136, 452 SE2d 659, 661-662 [1995]).

Here, the defendant agreed to indemnify the plaintiff "from and against . . . any and all . . . costs and expenses (including without limitation, reasonable fees and expenses of attorneys . . . ) of any kind . . . which may be . . . incurred or paid by [the plaintiff] at any time . . . arising out of . . . circumstances in any way connected with Skyline Industries, Inc." Since the

agreement the plaintiff sought to enforce in this case was itself connected with Skyline, this contractual language encompasses the attorney's fee the plaintiff sought to recover for prosecuting this action. Smith, J.P., Goldstein, Adams and Townes, JJ., concur.