CHARLES SPRINGSTEAD, Plaintiff, v CIBA-GEIGY CORPORATION et al., Respondents, and TORCON, INC., et al., Appellants. (And Third-Party Actions.) [815 NYS2d 624]—

In an action to recover damages for personal injuries, the defendants Torcon, Inc., and Mehl Electric Company, Inc., appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Orange County (Owen, J.), entered December 3, 2003, as (1) required the defendant Torcon, Inc., to indemnify the defendants Ciba-Geigy Corporation and Novartis Corporation for legal fees incurred by them in prosecuting their cross claims insofar as asserted against the defendant Mehl Electric Company, Inc., and in prosecuting a third-party action against G.A.R. Equipment Corp., and (2) awarded statutory interest pursuant to CPLR 5001 (a) on the principal amount of the judgment from December 1, 2002 to the date of the judgment.

Ordered that the appeal by Mehl Electric Company, Inc., is dismissed, as that defendant is not aggrieved by the judgment appealed from (see CPLR 5511); it is further,

Ordered that the judgment is affirmed insofar as appealed from by the defendant Torcon, Inc.; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The defendant Novartis Corporation, as successor-in-interest to Ciba-Geigy Corporation (hereinafter collectively Novartis), retained the defendant Torcon, Inc. (hereinafter Torcon), as general contractor to perform construction work on its premises. Mehl Electric Company, Inc. (hereinafter Mehl), was a subcontractor at the site. The plaintiff, Charles Springstead, an electrician employed by Vanderlinde Electric, was working on the premises when he was struck by a descending scissors lift which was owned and supplied by G.A.R. Equipment Corp. (hereinafter GAR) and was being operated by one of Mehl's employees.

The plaintiff commenced this action against, among others, Novartis, Mehl, and Torcon, and Novartis asserted cross claims for indemnification against both Mehl and Torcon. Novartis also commenced a third-party action against GAR asserting causes of action sounding in negligence and strict products liability. GAR later obtained summary judgment dismissing the third-party complaint.

The agreement entered into between Torcon, as contractor, and Novartis, as owner, contained the following indemnification provision:

"To the fullest extent permitted by law, [Torcon] shall indemnify and hold harmless [Novartis] . . . from and against claims, damages, losses and expenses, including but not limited

to attorneys' fees, arising out of or resulting from performance of the Work, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, . . . but only to the extent caused in whole or in part by negligent acts or omissions of [Torcon], a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder."

Novartis and Torcon agree that the foregoing provision allows for the recovery by Novartis of the legal fees it incurred in defending the main action but does not allow for the recovery of legal fees incurred in prosecuting Novartis's cross claim insofar as asserted against Torcon (*see Hooper Assoc. v AGS Computers,* 74 NY2d 487 [1989]; *compare e.g. Muli v Schambra,* 6 AD3d 676 [2004]). Torcon contends, however, that it is not obligated to indemnify Novartis for the legal fees it incurred in prosecuting the third-party action. We disagree.

The filing of the third-party action was done in good faith as an essential component of Novartis's defense of the main action and was not contrary to the language of the contractual indemnity provision. Accordingly, Torcon is obligated to indemnify Novartis for the legal fees it incurred in pursuing the third-party action (*see Perchinsky v State of New York,* 232 AD2d 34, 39 [1997]).

Torcon's remaining contention is without merit. Adams, J.P., Skelos, Fisher and Lunn, JJ., concur.