■ CHEEKTOWAGA CENTRAL SCHOOL DISTRICT et al., Appellants, v THE BURLINGTON INSURANCE COMPANY et al., Defendants, and DIAMOND STATE INSURANCE COMPANY et al., Respondents. [822 NYS2d 213]—

Appeals from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered January 28, 2005. The judgment denied plaintiffs' motion for summary judgment, granted the cross motion of defendants Diamond State Insurance Company and United National Group, Ltd. for summary judgment, declared that the insurance policy issued by them was excess to the coverage provided by the insurance policy issued by Zurich American Insurance Company and dismissed the amended complaint.

It is hereby ordered that the judgment so appealed from be and the same hereby is modified on the law by vacating the pro-

vision dismissing the amended complaint, granting the motion in part and granting judgment in favor of plaintiffs as follows:

"It is ADJUDGED AND DECLARED that plaintiffs are additional insureds under the insurance policies issued by defendants The Burlington Insurance Company and Diamond State Insurance Company and United National Group, Ltd. to defendant Sahlem's Roofing & Siding, Inc. and that defendant The Burlington Insurance Company is obligated to defend and indemnify plaintiffs in the underlying action and as modified the judgment is affirmed without costs."

Memorandum: Plaintiffs, Cheektowaga Central School District (School) and Ciminelli-Cowper Co., Inc. (Ciminelli), commenced this action seeking a declaration that they are additional insureds on insurance policies issued by defendants The Burlington Insurance Company (Burlington) and Diamond State Insurance Company and United National Group, Ltd. (collectively, Diamond State) to defendant Sahlem's Roofing & Siding, Inc. (Sahlem). Plaintiffs also sought a declaration that Burlington and Diamond State are obligated to defend and indemnify plaintiffs in the underlying action commenced by defendant Donald E. Bishop. Bishop was injured while working on a construction site on property owned by the School, where Ciminelli was the construction manager for the project, and thereafter commenced the underlying action against, inter alia, the School and Ciminelli. The School had contracted with Sahlem for roofing work on the project, and Sahlem subcontracted the work to Bishop's employer. Sahlem was the named insured on a general liability policy issued by Burlington providing coverage up to $1,000,000 and on an umbrella policy issued by Diamond State providing coverage up to $10,000,000.

The School moved for summary judgment seeking the declarations set forth in the amended complaint, and Ciminelli joined in the motion. Diamond State cross-moved for judgment declaring, inter alia, that the coverage provided by the Diamond State policy was excess to the coverage provided by the policy of insurance issued to Ciminelli by Zurich American Insurance Company (Zurich). Supreme Court denied the motion in its entirety and granted the cross motion by declaring that the Diamond State policy was excess to the coverage provided by the policy of insurance issued by Zurich, and the court sua sponte dismissed the amended complaint.

We agree with plaintiffs that they are additional insureds on the policies issued by Burlington and Diamond State and that Burlington is obligated to defend and indemnify plaintiffs in the underlying action. The Burlington policy defined an insured as,

inter alia, any organization with whom Sahlem agreed to provide insurance pursuant to the terms of a written contract. Here, the written contract between the School and Sahlem required Sahlem to obtain insurance to provide coverage for claims for bodily injury arising from Sahlem's operations under the contract, including the operations of any subcontractor of Sahlem, and to name plaintiffs as additional insureds on the policies. Indeed, Burlington did not oppose plaintiffs' motion and conceded that its policy provided primary coverage to plaintiffs. The Diamond State policy defined an insured as, inter alia, any organization qualifying as an insured under any policy of underlying insurance, which in turn was defined as coverage afforded under the insurance policies designated in item five of the declarations, and the Burlington policy was designated in item five. Because plaintiffs are additional insureds under the Burlington policy, they are also additional insureds under the Diamond State policy. We therefore modify the judgment by granting plaintiffs' motion in part and granting judgment in favor of plaintiffs declaring that plaintiffs are additional insureds under the policies issued by Burlington and Diamond State and that Burlington is obligated to defend and indemnify plaintiffs in the underlying action.

The court, however, properly granted the cross motion insofar as it declared that the coverage provided by the Diamond State policy is excess to that provided by the Zurich policy. Ciminelli is the named insured on the Zurich policy, which provided coverage of $1,000,000, and, according to Ciminelli, the School is an additional insured on that policy. The Zurich policy provided primary coverage to plaintiffs, inter alia, unless there was other primary insurance available for which plaintiffs were added as additional insureds by the attachment of an endorsement or there was other insurance, whether primary or excess, in which a named insured of the Zurich policy was added as an additional insured. In either of those two events, the Zurich policy provided excess insurance coverage. The Diamond State policy provided only excess insurance coverage. Plaintiffs contend that the Diamond State policy provides excess coverage that is primary to the Zurich policy. We reject that contention. "The general rule is . . . that where there are multiple policies covering the same risk, and each generally purports to be excess to the other, the excess coverage clauses are held to cancel out each other and each insurer contributes in proportion to its [policy] limit" (*Lumbermens Mut. Cas. Co. v Allstate Ins. Co.,* 51 NY2d 651, 655 [1980]; *see Great N. Ins. Co. v Mount Vernon Fire Ins. Co.,* 92 NY2d 682, 687 [1999]). That rule, however, does not apply "when its use would distort the meaning of the terms of the

policies involved" (*State Farm Fire & Cas. Co. v LiMauro,* 65 NY2d 369, 374 [1985]; *see Lumbermens Mut. Cas. Co.,* 51 NY2d at 655; *Castricone v Riggi,* 259 AD2d 815, 816 [1999]). "Whether there will be such distortion turns on consideration of the purpose each policy was intended to serve as evidenced by both its stated coverage and the premium paid for it . . . , as well as upon the wording of its provision concerning excess insurance" (*State Farm Fire & Cas. Co.,* 65 NY2d at 374; *see United States Fire Ins. Co. v CNA,* 300 AD2d 1054, 1055 [2002]; *Castricone,* 259 AD2d at 816).

Here, the requisite analysis leads to the conclusion that coverage under the Zurich policy must be exhausted before Diamond State is required to contribute under its policy. Sahlem paid $43,750 for $10,000,000 in umbrella coverage under the Diamond State policy, whereas Ciminelli paid $414,277 for $1,000,000 in general liability coverage under the Zurich policy (*see United States Fire Ins. Co.,* 300 AD2d at 1055-1056). In addition, as noted, the Diamond State policy is an umbrella policy and its coverage is excess to other insurance, providing coverage only after the exhaustion of other excess policies, while the Zurich policy affords primary coverage (*see id.; Castricone,* 259 AD2d at 817). Because the Zurich policy was purchased for primary coverage, despite its "other insurance" clause whereby it would provide only excess coverage under certain conditions, and the Diamond State policy was purchased only for excess coverage, the Diamond State policy is " 'last on the risk' " (*Jefferson Ins. Co. of N.Y. v Travelers Indem. Co.,* 92 NY2d 363, 372 [1998]).

Although the court properly issued the declaration sought by Diamond State, it erred in sua sponte dismissing the amended complaint in this declaratory judgment action (*see Tumminello v Tumminello,* 204 AD2d 1067 [1994]). We therefore further modify the judgment by vacating the provision dismissing the amended complaint.

All concur, Hayes, J., not participating. Present—Gorski, J.P., Martoche, Green, Pine and Hayes, JJ.