HARLEYSVILLE INSURANCE COMPANY, Appellant, v TRAVELERS INSURANCE COMPANY et al., Respondents. [831 NYS2d 625]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered February 6, 2006 in a declaratory judgment action. The judgment denied the motion of plaintiff for summary judgment and granted the cross motion of defendants for summary judgment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion in part, vacating the declaration that plaintiff is solely responsible for the costs associated with the settlement of the underlying action and the provision dismissing the complaint and granting judgment as follows: "It is adjudged and declared that defendant Travelers Insurance Company is obligated to provide excess insurance coverage for the costs associated with the settlement of the underlying action and as modified the judgment is affirmed without costs."

Memorandum: Plaintiff commenced this action seeking a judgment declaring, inter alia, that defendant Travelers Insurance Company (Travelers) is obligated as a coinsurer of defendant Savarino Construction Services, Inc. (Savarino) to reimburse plaintiff for one half of the costs incurred by plaintiff in the defense and settlement of the underlying personal injury action against, inter alia, Savarino. We conclude that Supreme Court properly granted defendants' cross motion for summary judgment insofar as it sought a declaration that plaintiff is the sole primary insurer of Savarino in the underlying action and thus that plaintiff is primarily responsible for the costs incurred in the defense and settlement of the underlying action, although our reasoning differs from that of the court. We further conclude, however, that Travelers is obligated to provide excess coverage to Savarino in the underlying action and thus that the court erred in granting the cross motion insofar as it sought a declaration that plaintiff is solely responsible for the costs associated with the settlement of the underlying action and in failing to grant judgment declaring that Travelers is obligated to provide excess coverage. In addition, because this is a declaratory judgment action, we conclude that the court erred in dismissing the complaint (see *Tumminello v Tumminello,* 204

AD2d 1067 [1994]). We therefore modify the judgment accordingly.

Pursuant to a contract between plaintiff's named insured, W.C. Roberson Plumbing & Construction Corp. (Roberson), and Savarino, Savarino was added as an additional insured on Roberson's commercial general liability policy with plaintiff; Savarino was not added as an additional insured on a separate excess liability policy purchased by Roberson from plaintiff. Savarino is the named insured in a commercial general liability policy issued by Travelers.

Pursuant to the contract between Roberson and Savarino, plaintiff defended Savarino in the underlying personal injury action commenced by an employee of Roberson. Savarino settled with Roberson's employee in the underlying action and plaintiff paid Roberson's employee the entirety of its primary policy covering Savarino as an additional insured and a portion of its excess policy purchased by Roberson. Plaintiff contends that its policy covering Savarino as an additional insured and the Travelers policy are both primary and that, pursuant to the "other insurance" clauses in both its primary policy and the Travelers policy, Travelers is obligated to share equally in the costs associated with the defense of Savarino and the subsequent settlement of the underlying action. We reject that contention.

Initially, we agree with plaintiff that the court erred in determining that *Pecker Iron Works of N.Y. v Traveler's Ins. Co.* (99 NY2d 391 [2003]) is controlling here. In that case, the Court concluded that an additional insured was entitled to primary coverage under a commercial general liability policy. Here, plaintiff does not dispute that Savarino, an additional insured under its policy, is entitled to primary coverage. Rather, the dispute is whether, pursuant to the terms of the policies, Travelers' coverage of Savarino is primary along with plaintiff's primary coverage of Savarino as an additional insured (*see id.* at 393), or whether Travelers' coverage of Savarino is excess to plaintiff's coverage. We have therefore examined "the purpose each policy was intended to serve as evidenced by both its stated coverage and the premium paid for it . . . , as well as . . . the wording of its provision concerning excess insurance" (*State Farm Fire & Cas. Co. v LiMauro*, 65 NY2d 369, 374 [1985]; *see United States Fire Ins. Co. v CNA*, 300 AD2d 1054, 1055 [2002]). Although we note that both policies provide coverage for sums that the insured is legally obligated to pay as damages for bodily injury and that the premium Savarino paid Travelers was for primary coverage (*see generally General Motors Acceptance Corp. v Nationwide Ins. Co.*, 4 NY3d 451, 457 [2005]), we disagree

with plaintiff that the "other insurance" clauses in the policies are identical and that they therefore both provide primary coverage. Pursuant to the "other insurance" clauses in both policies, the policies provide primary coverage except that the coverage is excess where any other primary insurance is available to the insured for which the insured has been added as an additional insured by attachment of an endorsement. Savarino is added as an additional insured on plaintiff's primary policy, and thus the excess clause is triggered in the Travelers policy but not in plaintiff's policy. We therefore conclude that the excess coverage clauses are not "deemed to cancel each other out" and thus do not result in coinsurance (*State Farm Fire & Cas. Co.*, 65 NY2d at 374). Rather, pursuant to the terms of the policies, Travelers' coverage is excess to plaintiff's coverage, and we therefore conclude that coverage under plaintiff's primary policy must be exhausted before Travelers is required to contribute under its policy (*see generally Cheektowaga Cent. School Dist. v Burlington Ins. Co.*, 32 AD3d 1265, 1268 [2006]).

Plaintiff exhausted its primary policy of $1,000,000 in its settlement with Roberson's employee, and Travelers is thus obligated under the terms of its policy to reimburse plaintiff for the amount paid to Roberson's employee, on behalf of Savarino, in excess of that amount. We note that, in the underlying third-party action, Savarino was granted summary judgment against Roberson on its cause of action for contractual indemnification (*Nicholas v EPO-Harvey Apts., Ltd. Partnership*, 31 AD3d 1174 [2006]). Travelers would therefore have a right of subrogation against Roberson in that third-party action (*see Allstate Ins. Co. v Stein*, 1 NY3d 416, 422 [2004]), and, as a practical matter, would be entitled to reimbursement from Roberson for the amount that Travelers is obligated to pay plaintiff as excess coverage for Savarino's liability to Roberson's employee (*see generally United States Fid. & Guar. Co. v CNA Ins. Cos.*, 208 AD2d 1163, 1165 [1994]). Present—Scudder, P.J., Hurlbutt, Gorski and Martoche, JJ.