■ JENEL MANAGEMENT CORP. et al., Respondents-Appellants, v PACIFIC INSURANCE COMPANY, Appellant-Respondent. [865 NYS2d 58]—

Orders, Supreme Court, New York County (Jane S. Solomon, J.), entered February 15, 2007 and January 24, 2008, which, inter alia, declared that, in connection with an underlying action for personal injuries, plaintiff insurer and defendant are coprimary insurers of plaintiff insurer's coplaintiffs herein, and denied certain items of damages claimed by plaintiff insurer, unanimously modified, on the law, to award plaintiff insurer $7,059.25 in attorneys' fees it incurred in prosecuting third-party claims against defendant's insured in the underlying action, and otherwise affirmed, without costs.

At issue is whether the stairwell area where the underlying accident occurred is covered by the additional insured clause in the policy procured by the underlying plaintiff's employer from defendant herein, which clause extends coverage to plaintiff insurer's coplaintiffs herein, the employer's landlord and the managing agent of the building. Coverage exists because the underlying claim arose out of the "maintenance or use" of the leased premises, within the meaning of the additional insured clause, where the accident occurred in the course of an activity necessarily incidental to the operation of the space leased by the employer, and in a part of the premises that was necessarily used for access in and out of the leased space (*see ZKZ Assoc. v CNA Ins. Co.*, 89 NY2d 990 [1997]; *New York Convention Ctr. Operating Corp. v Cerullo World Evangelism*, 269 AD2d 275, 276 [2000]). We note that this result is consistent with the lease, which required the employer to procure insurance against any liabilities "on or about the demised premises or any appurtenances thereto." The concededly excess policies that defendant would have the court review raise no priority-of-coverage issues (*see Bovis Lend Lease LMB, Inc. v Great Am. Ins. Co.*, 53 AD3d 140, 143-144 [2008]; *cf. BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 716 [2007]). The coplaintiffs' third-party claims against the employer were an essential component of their defense of the main underlying action, and, accordingly, plaintiff insurer is entitled to reimbursement of the $7,059.25 in attorneys' fees it incurred in prosecuting those claims (*see Perchinsky v State of New York*, 232 AD2d 34, 39 [1997], *lv*

denied sub nom. *Perchinsky v Granny G. Prods.*, 93 NY2d 812 [1999]; *Springstead v Ciba-Geigy Corp.*, 27 AD3d 720 [2006]). Concur—Lippman, P.J., Gonzalez, Nardelli, Acosta and De-Grasse, JJ.