**1515 BROADWAY FEE OWNER, LLC**, et al., Respondents-Appellants, v **SENECA INSURANCE COMPANY, INC.**, Appellant-Respondent. [933 NYS2d 672]—

At issue is whether the stairwell area where the underlying accident occurred is covered by the additional insured clause in the policy procured by the underlying plaintiff's employer from Seneca. The clause extends coverage to plaintiffs herein, the employer's landlord and the managing agent of the building. Coverage exists because the underlying claim arose out of the "maintenance or use" of the leased premises, within the meaning of the additional insured clause. The accident occurred in the course of an activity necessarily incidental to the operation of the space leased by the employer. Furthermore, the accident happened in a part of the premises that was used for access in and out of the leased space when the freight elevator was not in service (see *ZKZ Assoc. v CNA Ins. Co.*, 89 NY2d 990 [1997]; *New York Convention Ctr. Operating Corp. v Cerullo World Evangelism*, 269 AD2d 275, 276 [2000]). This result is consistent with the lease, which required the employer to procure insurance against any liabilities "on or about the demised premises or any appurtenances thereto" (*Jenel Mgt. Corp. v Pacific Ins. Co.*, 55 AD3d 313, 313 [2008]). Accordingly, a duty to defend has been triggered and we need not address plaintiffs' argument that the disclaimer was inadequate.

Where all applicable policies have been made available for review (*cf. Liberty Mut. Ins. Co. v Trystate Mech., Inc.*, 15 AD3d 236, 237 [2005]), priority of coverage can be determined as a matter of law (see *Sport Rock Intl., Inc. v American Cas. Co. of Reading, Pa.*, 65 AD3d 12, 21 [2009]). The Seneca policy, providing additional insured coverage, is primary in the underlying action (see *Tishman Constr. Corp. of N.Y. v American Mfrs. Mut. Ins. Co.*, 303 AD2d 323, 324 [2003]; see also *Harleysville Ins. Co. v Travelers Ins. Co.*, 38 AD3d 1364, 1365 [2007], *lv denied* 9 NY3d 811 [2007]; *Pav-Lak Indus., Inc. v Arch Ins. Co.*, 56 AD3d 287, 288 [2008]).

Because plaintiffs failed to address why an immediate hearing was required to determine past defense costs pursuant to CPLR 3212 (c), the motion court did not improvidently exercise its discretion in declining to grant such a request. Concur—Friedman, J.P., Catterson, Renwick and DeGrasse, JJ. **[Prior Case History: 2011 NY Slip Op 30455(U).]**