Paramount Ins. Co. v Federal Ins. Co. (2019 NY Slip Op 05755)





Paramount Ins. Co. v Federal Ins. Co.


2019 NY Slip Op 05755


Decided on July 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 23, 2019

Friedman, J.P., Sweeny, Richter, Oing, Moulton, JJ.


8648 650576/16

[*1]Paramount Insurance Company, et al., Plaintiffs-Respondents,
v
Federal Insurance Company, Defendant-Appellant.


Connell Foley LLP, New York (Jeffrey W. Moryan of counsel), for appellant.
Havkins Rosenfeld Ritzert & Varriale, LLP, New York (Abraham E. Havkins of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Andrea Masley, J.), entered February 8, 2018, to the extent appealed from, which granted plaintiffs' motion for summary judgment on their claims seeking a declaration that defendant Federal Insurance Company has a duty to defend plaintiff David Ellis Real Estate, L.P. in an underlying personal injury action on a primary basis and so declared, and ordered Federal to reimburse Paramount for defense costs and attorneys' fees incurred therein, unanimously modified, on the law, to deny the motion insofar as it sought a determination that the Federal policy is primary, and to vacate the portion of the declaration holding the Federal policy to be primary and the direction that Federal reimburse Paramount, and otherwise affirmed, without costs.
In an underlying personal injury action, plaintiff alleges that she fell at or near premises owned by David Ellis and leased, managed and controlled by its tenant, nonparty Blue Water Grill. Plaintiff Paramount issued a policy to David Ellis, and defendant Federal issued a policy to Blue Water Grill, covering David Ellis as an additional insured. The court correctly concluded, upon review of the amended complaint in the underlying action, the lease between David Ellis and Blue Water Grill, and the Federal policy, that the allegations in the complaint triggered defendant's duty to defend since they "give[] rise to a reasonable possibility of recovery under the policy" (Atlantic Mut. Ins. Co. v Terk Tech. Corp., 309 AD2d 22, 29 [1st Dept 2003]; see Kassis v Ohio Cas. Ins. Co., 12 NY3d 595, 599-600 [2009]). In any event, the finding in the underlying personal injury action that the accident did not occur in the demised premises is not dispositive of the coverage issue under Federal's policy and, as such, is not determinative of its duty to defend David Ellis as an additional insured (see ZKZ Assoc. v CNA Ins. Co., 89 NY2d 990, 991 [1997]; Jenel Mgt. Corp. v Pacific Ins. Co., 55 AD3d 313 [1st Dept 2008]; New York Convention Ctr. Operating Corp. v Cerullo World Evangelism, 269 AD2d 275, 276-277 [1st Dept 2000]).
However, the determination that defendant's policy is primary to the policy that Paramount issued to David Ellis was premature, as discovery concerning policies issued to other parties to the underlying litigation, including Union Square Café, was still outstanding (CPLR 3212[f]), and such policies were not submitted for Supreme Court's consideration. To determine the priority of coverage among different policies, "a court must review and consider all of the relevant policies at issue" (BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 716 [2007]). For this reason, the order directing defendant to reimburse Paramount for all its defense costs and attorneys' fees was also premature.
We have considered the parties' remaining contentions and find them unavailing.
The Decision and Order of this Court entered herein on March 7, 2019, is hereby recalled and vacated (see M-2111 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 23, 2019
CLERK