Public Serv. Mut. Ins. Co. v Nova Cas. Co. (2019 NY Slip Op 08270)





Public Serv. Mut. Ins. Co. v Nova Cas. Co.


2019 NY Slip Op 08270


Decided on November 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2019

Gische, J.P., Webber, Kern, Moulton, JJ.


10338 652532/16

[*1] Public Service Mutual Insurance Company, et al., Plaintiffs-Respondents,
v
Nova Casualty Company, Defendant-Appellant.


White and Williams LLP, New York (Rafael Vergara of counsel), for appellant.
Havkins Rosenfeld Ritzert & Varriale, LLP, New York (Richard Harms of counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered April 23, 2018, which granted plaintiffs' summary judgment motion to declare that defendant Nova Casualty Company must defend and indemnify plaintiff Japas Enterprises, Inc. (Japas) in an underlying personal injury action on a sole primary basis, and denied defendant's cross motion for summary judgment for a contrary declaration, unanimously affirmed, without costs.
This declaratory judgment action stems from an underlying personal injury action in which the plaintiff alleged that she sustained injuries while walking on the stairs from the second floor restaurant to the ground floor. At issue is whether the stairwell area where the underlying accident occurred is covered by the additional insured clause in the policy procured by the nonparty restaurant tenant of plaintiff landlord Japas. The nonparty tenant was insured by defendant Nova Casualty Company (Nova). Japas was insured by plaintiff Public Service Mutual Insurance Company (Public Service).
Coverage exists because the underlying claim arose out of the "maintenance or use" of the leased premises within the meaning of the additional insured clause. The accident occurred in the course of an activity incidental to the operation of the leased space and in an area of the premises that was used for access in and out of the leased space covered under the policy (see 1515 Broadway Fee Owner, LLC v Seneca Ins. Co., Inc., 90 AD3d 436, 437 [1st Dept 2011]; Jenel Mgt. Corp. v Pacific Ins. Co., 55 AD3d 313 [1st Dept 2008]). Nothing in the lease contradicts this definition of "use" under either policy. Nova's contention that the stairwell from the ground floor to the second floor was not part of the leased premises is without merit, as "the finding in the underlying personal injury action that the accident did not occur in the demised premises is not dispositive of the coverage issue" (Paramount Ins. Co. v Federal Ins. Co., 174 AD3d 476, 477 [1st Dept 2019]). Accordingly, the motion court properly granted plaintiffs' motion seeking a declaration that Nova must defend and indemnify Japas in the underlying action.
Because all relevant policies are available for review, priority of coverage can be determined as a matter of law (1515 Broadway Fee Owner, 90 AD3d at 437). The language of the Public Service policy endorsement renders its coverage excess where Japas is named an additional insured under a policy issued to its tenant. Accordingly, Nova's policy is primary in [*2]the underlying action and Nova must reimburse Public Service for the costs and disbursements paid on Japas's behalf in the underlying action.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 14, 2019
CLERK