*Peerless Ins. Co. v. Tech. Ins. Co.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand twenty.

PRESENT:
        JON O. NEWMAN,
        GUIDO CALABRESI,
        SUSAN L. CARNEY,
               *Circuit Judges.*

_____

PEERLESS INSURANCE COMPANY,

      *Plaintiff-Counter–Defendant-Appellee,*

        v.                                    No. 19-3861

TECHNOLOGY INSURANCE COMPANY, INC.,

      *Defendant-Counter–Claimant-Appellant.*

_____

FOR APPELLANT:               MAX W. GERSHWEIR, Kennedys CMK LLP, New York, NY.

FOR APPELLEE:               MARSHALL T. POTASHNER, Jaffe & Asher LLP, White Plains, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on October 21, 2019, is **AFFIRMED**.

Technology Insurance Company, Inc. ("Technology"), appeals from the district court's grant of summary judgment in favor of Peerless Insurance Company ("Peerless") and related determination that Technology has a duty to defend and indemnify Peerless's insured, Amelia Associates, as a co-primary insurer, with respect to a personal injury action. Technology also challenges the district court's order directing it to reimburse Peerless for $5,000 that Peerless paid to a plaintiff in that personal injury action for medical expenses. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

Kathleen Mich fell on the sidewalk outside Vintage Steakhouse, LLC (f/k/a Delmonico's Porterhouse, LLC) ("Vintage"), while walking into the restaurant on April 18, 2014. In February 2017, Kathleen Mich and William J. Mich, Jr., brought a personal injury action based on Ms. Mich's fall (the "Underlying Action") against Vintage and Amelia Associates ("Amelia"). Amelia leased the restaurant property to Vintage. On March 13, 2018, Peerless brought this action seeking, among other things, a declaratory judgment that Technology, Vintage's insurer, was required to defend and indemnify Amelia in the Underlying Action because Amelia is listed as an additional insured on Vintage's insurance policy with Technology.

On July 25, 2019, the district court granted in part and denied in part each of the parties' cross-motions for summary judgment, concluding that Technology had a duty to defend and indemnify Amelia in the Underlying Action and that Technology and Peerless were co-primary insurers of Amelia in the Underlying Action. The district court directed the parties to submit a proposed judgment, but the parties did not agree on their duties with respect to $15,000 Peerless had paid to Ms. Mich for medical expenses. On October 21, 2019, the district court concluded that Technology was obligated to reimburse Peerless for $5,000 of the $15,000 Peerless paid to Ms. Mich. The district court entered judgment on October 21, 2019.

Technology timely appealed the district court's judgment, challenging the district court's determinations (1) that Technology had a duty to defend and indemnify Amelia, and (2) that Technology was obligated to reimburse Peerless for $5,000 of Ms. Mich's medical expenses. We review a grant of summary judgment de novo, drawing all reasonable inferences in favor of the non-moving party. *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001).

Amelia is listed as an additional insured on Technology's policy insuring Vintage. Technology's additional insured endorsement, however, excludes coverage for "[l]iability for 'bodily injury' . . . that is not sustained within that part of the premises leased to [Vintage]." J.A. 414. Technology argued to the district court, and maintains on appeal, that the sidewalk where Ms. Mich fell was not "part of the premises leased to" Vintage, and accordingly, that Technology does not have a duty to defend and indemnify Amelia.

The district court correctly rejected this argument. In *ZKZ Associates LP v. CNA Insurance Company*, the New York Court of Appeals considered whether an insurer had a duty to defend a garage owner for a claim arising from a fall on a sidewalk outside the garage. 89 N.Y.2d 990 (1997). The Court ruled that the insurer had a duty to defend because "the sidewalk where the alleged accident occurred was necessarily used for access in and out of the garage [the insured] operated and was thus, by implication, 'part of the . . . premises' that [the insured] was licensed to use under the parties' agreement." *Id.* at 991. Technology does not dispute the district court's finding here that the sidewalk in front of Vintage was similarly necessary for accessing the premises. Technology contends only that the ruling in *ZKZ Associates* does not apply in the circumstances presented here, where the Court is construing a coverage exclusion and not an insuring agreement.

We find no support for this distinction in New York law. New York courts have looked to *ZKZ Associates* when interpreting exclusion provisions after an insurer denies coverage for an additional insured on the ground that the underlying injury occurred on a sidewalk that the insurer claims is not part of the leased premises. *See Certain Underwriters at Lloyd's London Subscribing to Policy of Ins. No. ML071004 v. Castlepoint Ins. Co.*, No. 3022042012, 2017 WL 880748, at *1 (N.Y. Sup. Ct. Jan. 06, 2017); *Stein v. 1394 Hous. Corp.*, 929 N.Y.S.2d

3

203, 2011 WL 1759802, at *6-7 (Sup. Ct. 2011). The insurer in *Castlepoint* relied on an exclusion provision substantially identical to the provision at issue here. 2017 WL 880748, at *1. The *Castlepoint* court ruled that the insurer was obligated to defend and indemnify its additional insured because the underlying injury resulted from a fall on the sidewalk. *Id.* We decline to disregard this persuasive interpretation of New York law by New York courts. Rather, like the district court we conclude that Technology must defend and indemnify Amelia with respect to the Underlying Action.

Technology also appeals the district court's judgment that it is bound to reimburse Peerless for $5,000 paid to Ms. Mich for medical expenses. Technology's "Coverage C" for Medical Payments ("Medical Payments Coverage") includes the following conditions for obtaining payment:

> We will pay medical expenses as described below for 'bodily injury' caused by an accident . . . provided that: (1) The accident takes place in the 'coverage territory' and during the policy period; (2) The expenses are incurred and reported to us within one year of the date of the accident; and (3) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

J.A. 386. On appeal, Technology primarily argues that Ms. Mich and Peerless failed to satisfy the second precondition for its Medical Payments Coverage, asserting that Technology was not timely notified of Ms. Mich's medical expenses. In response, Peerless does not contend that Technology was timely notified; rather, Peerless argues that Technology cannot establish prejudice caused by late notice, and Peerless contends that Technology must show such prejudice to invalidate the claim.

We agree that under the policy terms, absent prejudice, Technology cannot avoid its reimbursement obligation based on tardy notice. Technology's Medical Expense Coverage is outlined as part of the "Commercial General Liability Coverage" in Vintage's policy. In an endorsement modifying the terms of that Commercial General Liability Coverage, the policy provides, "Failure to give notice to us as required under this Coverage Part shall not invalidate any claim made by the insured, injured person or any other claimant, unless the failure to provide such timely notice has prejudiced us." J.A. 402. According to the policy

4

terms, this provision "supersedes any provision to the contrary" and applies to the entirety of Technology's Commercial General Liability Coverage, which includes the Medical Expense Coverage. *Id.* Thus, Technology must show prejudice caused by the tardy notice to avoid reimbursing Peerless for medical expenses.

As Peerless observes, Technology cannot show prejudice because it denied coverage altogether with respect to Ms. Mich's claims—earlier notice would have resulted only in an earlier denial. Technology thus cannot avoid its duty to reimburse Peerless for these expenses based on late notice.[1]

Technology protests further but only in passing that it is not obligated to reimburse Peerless for medical expenses because Ms. Mich did not submit to an examination by physicians of Technology's choosing. This argument is meritless. Technology's policy provides only that Ms. Mich must submit to examinations "as often as [Technology] reasonably require[s]." J.A. 386. Technology does not claim to have demanded any examinations of Ms. Mich. Both of Technology's challenges to the district court's reimbursement order thus fail. The district court correctly determined that Technology is required to reimburse Peerless for $5,000 in medical expenses paid to Ms. Mich.

\* \* \*

For the foregoing reasons, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We thus do not reach the parties' arguments regarding whether New York Insurance Law § 3420(a)(5) requires a showing of prejudice to defeat a coverage obligation of this sort.

5