71 Lafayette Ave. LLC v New York Mar. & Gen. Ins. Co. (2021 NY Slip Op 06648)





71 Lafayette Ave. LLC v New York Mar. & Gen. Ins. Co.


2021 NY Slip Op 06648


Decided on November 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 30, 2021

Before: Renwick, J.P., Mazzarelli, Moulton , Scarpulla, Higgitt, JJ. 


Index No. 150252/19 Appeal No. 14714 Case No. 2021-01892 

[*1]71 Lafayette Avenue LLC et al., Plaintiffs-Respondents,
v
New York Marine and General Insurance Company et al., Defendants-Appellants.


Fleischner Potash LLP, New York (Alexandra E. Rigney of counsel), for appellants.
Rivkin Radler LLP, Uniondale (Joanne M. Engeldrum of counsel), for respondents.



Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about December 1, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment declaring that defendant New York Marine and General Insurance Company has a primary duty to indemnify plaintiff 71 Lafayette Avenue LLC (Lafayette) in the underlying action, unanimously affirmed, without costs.
Plaintiffs established prima facie that defendant has a duty to indemnify Lafayette as an additional insured in the underlying action. The underlying personal injury action alleges that the plaintiff was injured when he fell through a cellar door which was used by the tenant at the leased premises. The additional insured provision provides plaintiff landlord Lafayette coverage for claims of bodily injury "arising out of the ownership, maintenance or use of that part of the premises leased to" the subject tenant. Contrary to defendant's contention, the outside staircase that was used by Lafayette's tenant for access in and out of its space was, by implication, part of the premises leased to the tenant (see ZKZ Assoc. v CNA Ins. Co., 89 NY2d 990 [1997]; Wesco Ins. Co. v Travelers Prop. Cas. Co. of Am., 188 AD3d 476 [1st Dept 2020]). The accident also arose out of the tenant's "use" of the leased premises, as the injured person was traversing the staircase door to deliver items for the tenant's business when the accident occurred (see ZKZ Assoc., 89 NY2d at 991; Wesco Ins. at 477). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2021