Jones Mem. Hosp. v Main St. Am. Assur. Co. (2021 NY Slip Op 07380)





Jones Mem. Hosp. v Main St. Am. Assur. Co.


2021 NY Slip Op 07380


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


894 CA 21-00173

[*1]JONES MEMORIAL HOSPITAL, JONES MEMORIAL HOSPITAL FOUNDATION AND MLMIC INSURANCE COMPANY, PLAINTIFFS-APPELLANTS-RESPONDENTS,
v
MAIN STREET AMERICA ASSURANCE COMPANY, DEFENDANT-RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






HURWITZ & FINE, P.C., BUFFALO (DAN D. KOHANE OF COUNSEL), FOR PLAINTIFFS-APPELLANTS-RESPONDENTS. 
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (MATTHEW C. RONAN OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.


 Appeal and cross appeal from a judgment (denominated order) of the Supreme Court, Allegany County (Thomas P. Brown, A.J.), entered August 3, 2020. The judgment, among other things, granted in part and denied in part the motion of plaintiffs for summary judgment and declared that defendant is obligated to defend and indemnify plaintiffs Jones Memorial Hospital and Jones Memorial Hospital Foundation on an excess and non-contributory basis in the underlying action. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by granting plaintiffs' motion in its entirety, vacating the declaration, and granting judgment in favor of plaintiffs as follows:
It is ADJUDGED and DECLARED that defendant is obligated to defend and indemnify plaintiffs Jones Memorial Hospital and Jones Memorial Hospital Foundation in the underlying personal injury action on a primary and non-contributory basis,
and as modified the judgment is affirmed without costs.
Memorandum: Plaintiffs Jones Memorial Hospital and Jones Memorial Hospital Foundation (collectively, Hospital plaintiffs) own property and leased office space to Zahi N. Kassas, M.D. The Hospital plaintiffs had an insurance policy with plaintiff MLMIC Insurance Company (MLMIC) for the property, and Dr. Kassas had a businessowners policy with defendant. In June 2015, a woman taking her infant son to a medical appointment with Dr. Kassas tripped and fell on an uneven sidewalk or walkway leading to the entrance of his office. The woman commenced a personal injury action against Dr. Kassas and the Hospital plaintiffs (underlying action). Plaintiffs then commenced this action seeking a judgment declaring that the Hospital plaintiffs are entitled to a defense and indemnification from defendant on a primary and non-contributory basis in the underlying action. Plaintiffs moved for summary judgment on the complaint, and defendant cross-moved for summary judgment, inter alia, declaring that it had no obligation to defend or indemnify the Hospital plaintiffs. Supreme Court granted in part and denied in part plaintiffs' motion, denied defendant's cross motion, and declared that defendant is obligated to defend and indemnify the Hospital plaintiffs on an excess and non-contributory basis in the underlying action. Plaintiffs appeal and defendant cross-appeals, and we now modify.
Addressing first defendant's cross appeal, we reject plaintiffs' contention that the cross [*2]appeal is untimely. Defendant requested an extension of time to file its brief, which we construed as a request for an extension of time to perfect the cross appeal and granted it. On the merits, however, we reject defendant's contention on the cross appeal that the court erred in determining that defendant was obligated to defend and indemnify the Hospital plaintiffs. In disputes over insurance coverage, we must look to the language of the policy (see Raymond Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 5 NY3d 157, 162 [2005], rearg denied 5 NY3d 825 [2005]). Here, the additional insured endorsement in the policy issued by defendant to Dr. Kassas provided coverage to the "lessor of premises to whom you are obligated by virtue of a written 'Insured Contract' to provide insurance such as afforded by this policy, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you," and "insured contract" was defined as, inter alia, "[a] contract for a lease of premises." Pursuant to the provisions of the lease between the Hospital plaintiffs and Dr. Kassas, the premises leased to Dr. Kassas was defined as "an area of approximately 2400 square feet, together with the right to use, in common with other tenants of the buildings in which the Premises is located . . . , the Common Areas." The common areas included, inter alia, "access driveways, walkways, . . . and entranceways." The lease required Dr. Kassas to "maintain insurance protecting and indemnifying the Landlord and the Tenant against any and all claims for injury . . . to persons . . . occurring in or about the Premises and the Common Area."
Thus, the evidence submitted by plaintiffs established that the lease constituted an "insured contract" within the meaning of the policy issued by defendant to Dr. Kassas, and the lease obligated Dr. Kassas to provide insurance coverage to the Hospital plaintiffs. Defendant was therefore required to provide coverage to the Hospital plaintiffs, but "only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to" Dr. Kassas. The Court of Appeals has explained that " 'arising out of' " means " 'originating from, incident to, or having a connection with' " (Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA, 15 NY3d 34, 38 [2010], quoting Maroney v New York Cent. Mut. Fire Ins. Co., 5 NY3d 467, 472 [2005]). It "requires only that there be some causal relationship between the injury and the risk for which coverage is provided" (Maroney, 5 NY3d at 472).
The evidence was undisputed that Dr. Kassas did not own the sidewalk, nor did he maintain it. Plaintiffs, however, established that Dr. Kassas used the sidewalk on which the accident occurred and that the sidewalk was "part of the premises leased to" Dr. Kassas, and defendant failed to raise an issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The sidewalk "was necessarily used for access in and out of [Dr. Kassas's office] and was thus, by implication, 'part of the . . . premises' that [Dr. Kassas] was licensed to use under the parties' [lease]" (ZKZ Assoc. v CNA Ins. Co., 89 NY2d 990, 991 [1997]; see Public Serv. Mut. Ins. Co. v Nova Cas. Co., 177 AD3d 472, 472-473 [1st Dept 2019]; One Reason Rd., LLC v Seneca Ins. Co., Inc., 163 AD3d 974, 976-977 [2d Dept 2018]; Tower Ins. Co. of N.Y. v Leading Ins. Group Ins. Co., Ltd., 134 AD3d 510, 510 [1st Dept 2015]; Mack-Cali Realty Corp. v NGM Ins. Co., 119 AD3d 905, 907 [2d Dept 2014]). In addition, the lease also explicitly included the sidewalk as part of the leased premises (see Pixley Dev. Corp. v Erie Ins. Co., 174 AD3d 1415, 1416-1417 [4th Dept 2019]; cf. Christ the King Regional High School v Zurich Ins. Co. of N. Am., 91 AD3d 806, 806-808 [2d Dept 2012]). Thus, the Hospital plaintiffs were entitled to a defense and indemnification.
Next, addressing plaintiffs' appeal, we conclude that the court erred in denying plaintiffs' motion insofar as it sought a declaration that the Hospital plaintiffs were entitled to a defense and indemnification from defendant on a primary basis and in declaring that defendant's policy provided excess coverage only. We therefore modify the judgment by granting plaintiffs' motion in its entirety, vacating the declaration, and declaring that defendant is obligated to defend and indemnify the Hospital plaintiffs in the underlying personal injury action on a primary and non-contributory basis. In determining whether defendant's policy provides primary or excess coverage, the "other insurance" clauses in defendant's policy and MLMIC's policy must be examined (see generally Great N. Ins. Co. v Mount Vernon Fire Ins. Co., 92 NY2d 682, 686-687 [1999]). The MLMIC policy issued to the Hospital plaintiffs provided that its coverage was excess "over any other primary insurance available to you covering liability for damages arising out of the premises or operations . . . for which you have been added as an additional insured." Thus, the excess provision in MLMIC's policy applies here, which defendant does not dispute.
Section III (H) in defendant's policy sets forth the "other insurance" provision. [*3]Defendant does not dispute that section III (H) (1) applies only to first-party property damage. Section III (H) (2) (b), which was relied upon by the court and states that business liability coverage is excess over any other primary insurance available to "you [i.e., Dr. Kassas] covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement," is inapplicable to the Hospital plaintiffs. That leaves only section III (H) (2) (a), which states that business liability coverage is excess over "[a]ny other insurance that insures for direct physical loss or damage." We agree with plaintiffs that section III (H) (2) (a) is unambiguous and is referring to coverage for property damage, not liability coverage for bodily injury (see generally Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). Section I, entitled Property, in the businessowners coverage form provides coverage "for direct physical loss of or damage to Covered Property," and the phrase "direct physical loss or damage" is used multiple times throughout that section. That phrase is not used in Section II, entitled Liability, in the businessowners coverage form. Construing the policy as a whole, subparagraph (H) (2) (a) in Section III, entitled Common Policy Conditions, is referring to coverage for property damage, not liability coverage for bodily injury (see generally New York State Thruway Auth. v KTA-Tator Eng'g Servs., P.C., 78 AD3d 1566, 1567 [4th Dept 2010]). Thus, defendant's policy provides primary coverage to the Hospital plaintiffs and, pursuant to MLMIC's other insurance provision, MLMIC's coverage was excess where there was other primary insurance coverage. Defendant's policy did not state that its coverage was excess to other primary insurance available to the Hospital plaintiffs, an additional insured. Thus, defendant's policy is primary (see Public Serv. Mut. Ins. Co., 177 AD3d at 473; Tower Ins. Co. of N.Y., 134 AD3d at 510-511; see generally Harleysville Ins. Co. v Travelers Ins. Co., 38 AD3d 1364, 1366-1367 [4th Dept 2007], lv denied 9 NY3d 811 [2007]), and the court erred in determining that it was excess.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court