■ LILLIAN AUSTIN et al., Plaintiffs, v JUSTER ASSOCIATES, Defendant and Third-Party Defendant-Respondent, et al., Defendant, and CALDOR, INC., Defendant and Third-Party Plaintiff-Respondent. KEMPER NATIONAL INSURANCE COMPANIES et al., Third-Party Defendants-Appellants. [636 NYS2d 356] —In an action to recover damages for personal injuries, etc., the third-party defendants Kemper National Insurance Companies and American Motorist Insurance Company appeal from a judgment of the Supreme Court, Rockland County (Lefkowitz, J.), dated March 8, 1994, which, upon granting the motion of the defendant third-party plaintiff for renewal and/or reargument, *inter alia*, declared that "Kemper insurance policy number 3MG 034 880-01" is the primary insurance coverage for the third-party plaintiff and is in favor of the third-party plaintiff and against them in the principal sum of $105,000, plus attorneys' fees in the sum of $27,456.05.

Ordered that the judgment is modified by deleting the fourth

and fifth decretal paragraphs thereof; as so modified, the judgment is affirmed, with costs to the defendant third-party plaintiff, and the matter is remitted to the Supreme Court, Rockland County, for an evidentiary hearing on the issue of the reasonableness of the attorneys' fees and for entry of an appropriate amended judgment in accordance herewith.

We agree with the court's award of summary judgment to the defendant third-party plaintiff, Caldor, Inc. (hereinafter Caldor). Caldor was an additional insured under the subject Kemper policy, and therefore Kemper must provide coverage to Caldor for its liability in the underlying personal injury action. That Caldor agreed to indemnify Juster Associates (Kemper's primary insured), in a lease agreement between Caldor and Juster Associates, does not absolve Kemper of its responsibility to provide coverage to Caldor, since "[a] contract to procure or provide insurance coverage is * * * distinct from and treated differently than an agreement to indemnify" (*Roblee v Corning Community Coll.*, 134 AD2d 803, 804; *see, Kinney v Lisk Co.*, 76 NY2d 215).

However, the court erred when it awarded attorneys' fees to Caldor without first conducting a hearing to determine the reasonableness of the fees (*see, Industrial Equip. Credit Corp. v Green*, 62 NY2d 903; *Matter of First Natl. Bank v Brower*, 42 NY2d 471; *Fleet Credit Corp. v Hutter & Co.*, 207 AD2d 380). Accordingly, this matter is remitted for a hearing to establish the reasonableness of the attorneys' fees.

The appellants' remaining contentions are without merit. Rosenblatt, J. P., Ritter, Hart and Krausman, JJ., concur.