■ ZKZ ASSOCIATES LP, Appellant, v CNA INSURANCE COMPANY, Respondent, et al., Defendants. [637 NYS2d 117] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered April 27, 1994, which, *inter alia*, denied plaintiff's motion for summary judgment declaring that defendant-respondent must defend it in the underlying action entitled

*Carmona v City of New York,* reversed, to the extent appealed from, on the law, and the motion granted, without costs.

Plaintiff ZKZ Associates LP ("ZKZ") was the owner of premises located at 214 West 80th Street in Manhattan, which contained a garage managed by defendant Guardian Pearl Street Garage Corporation ("Guardian"). The management contract between those parties provided that Guardian was required to "obtain and maintain Garage Liability (including bodily injury and property damage) insurance and shall include Owner as an additional insured." Pursuant to this contract, Guardian obtained insurance from defendant-respondent CNA Insurance Company ("CNA") naming plaintiff as an additional insured.

In October, 1992, an action entitled *Carmona v City of New York* was brought against, *inter alia,* plaintiff and Guardian arising out of an accident which allegedly occurred on the sidewalk abutting the garage. Plaintiff thereupon brought this action for a declaratory judgment arguing that, in addition to the duty to defend of its other insurer, International, from whom it had independently obtained coverage, it is also entitled to a defense by CNA pursuant to CNA's obligations to it as an additional insured in the policy held by Guardian. Plaintiff's motion for summary judgment was denied by the IAS Court and this appeal ensued. We now reverse.

In the CNA liability policy at issue plaintiff was named as an additional insured "only for liability arising out of the ownership, maintenance and use of the described premises which is leased to [Guardian]". Contrary to the policy terminology, there was, in fact, no lease here but rather a management contract. Since use of the term "leased" in the endorsement was not congruent with reality, that incongruence, to the extent of any ambiguity, must be construed against the insurer. In that context, the perimeters of the coverage afforded under the policy must be viewed not in strictly territorial terms but rather in operational terms covering the extent of control over the premises that the management agreement vested in Guardian. Under the agreement, Guardian was charged with complete responsibility for operating and managing the parking facility at the specified location. The meaning to be accorded to the operation of the garage is contained in Part 1F of the policy itself, which defines "garage operations" as "the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations" and further states that "[g]arage operations also include all operations necessary or incidental to a garage business".

It is well established that the duty to defend is "exceedingly broad [and] * * * arises whenever the allegations of the complaint, for which the insured may stand liable, fall within the risk covered by the policy" (*Colon v Aetna Life & Cas. Ins. Co.*, 66 NY2d 6, 8). In this case, the complaint in the underlying action seeks to charge both the owner, ZKZ, and Guardian, the operator of the garage, with responsibility for an accident due to defects on that part of the sidewalk used by vehicles in order to enter the garage—i.e., the special use of the sidewalk by the garage. Even without reference to the policy definition of "garage operations", the uncontested fact that vehicles seeking to use the garage must necessarily have crossed a portion of the sidewalk in order to enter and depart from the facility would clearly trigger the express coverage provided to ZKZ, since the alleged defects in that part of the sidewalk would be predicated upon "liability *arising out of * * * use* of that part of the demised premises" operated and maintained by Guardian. (Emphasis added.) Indeed, without traversing the sidewalk for access to and from the garage, there could be no use at all of the garage as a parking facility. Thus, the special use of the sidewalk for that purpose is an inextricable, indivisible part of the use of the garage and any liability arising from such use clearly comes within the additional insured's coverage.

We note that it is not relevant that the management contract between ZKZ and Guardian may have assigned maintenance of the sidewalks to ZKZ. At issue is the extent of the insurance coverage provided by the subject policy, and it is clear that the language of that policy extended to ZKZ protection for liability arising out of the use of the premises, which were defined not on the basis of who was obligated to maintain them but rather by the consequences stemming from their use as a garage. Concur—Ellerin, Wallach, Kupferman and Mazzarelli, JJ.

Sullivan, J. P., dissents in a memorandum as follows: I would, on a search of the record, grant summary judgment to CNA and declare in its favor that it has neither an obligation to defend nor indemnify.

The additional insured endorsement, entitled "Owners of Garage Premises", under the Garage Liability Policy which CNA issued to Guardian and is the basis of ZKZ's claim sets forth the coverage for ZKZ, an additional insured, as follows: "Under LIABILITY COVERAGE WHO IS AN INSURED is changed to include the person or organization named in the Schedule, but only for liability arising out of the ownership, maintenance and use of that part of the described premises which is leased to you". The following legend appears at the top of the endorse-

ment: "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY". Thus, as the endorsement makes clear, coverage for an additional insured differs from that provided to the named insured, Guardian.

The management agreement, which required Guardian to maintain garage liability insurance naming ZKZ as an additional insured, defines the garage premises that Guardian was to manage for ZKZ, as owner, and sets forth the respective obligations of each party. Guardian was required to maintain the operating equipment while ZKZ was to perform all other maintenance. In defining the premises Guardian was to manage and maintain, the management agreement omitted any reference to the sidewalk or to premises exterior to the garage or to access roads adjoining the garage.

ZKZ, it should be noted, has its own general liability policy with Public Service Mutual, which is providing ZKZ with a defense in the underlying action involving a fall that allegedly occurred on the sidewalk abutting the garage premises. Indeed, as is apparent from this record, Public Service is the moving force behind this declaratory judgment action brought in ZKZ's name, the only purpose of which is to permit Public Service to spread the risk of loss and the cost of Guardian's defense, for which it is liable, to include CNA and another insurer.* While Public Service covers the risk and has a duty to indemnify and defend with respect to the underlying action, CNA clearly does not.

In *General Acc. Fire & Life Assur. Corp. v Travelers Ins. Co.* (162 AD2d 130), this Court held that an additional insured endorsement containing virtually the same language as the additional insured endorsement at issue did not require the insurer, whose named insured was the lessee, to defend the additional insured owner. In so ruling, we looked to the language of the underlying agreement between the lessor and lessee to determine the respective responsibilities of the parties in order to resolve the coverage question and noted that the agreement provided that the owner would furnish a facility to the lessee to perform its services and that the lessee would maintain the facility. We held that even though the lessee might use the entire facility to pick up equipment to repair in the specific portion of the facility designated for such use, inasmuch as the agreement limited the lessee's use of the premises to that part of the facility where it would perform its maintenance and

---

* ZKZ has discontinued against the other insurer, International Insurance Company, conceding that any disposition of the underlying action will not involve the excess coverage.

repair work, the lessee's insurer had no obligation to defend or indemnify the owner, its additional insured, for an accident that did not occur within the demised area.

Here, the management agreement defined the premises as "an attendant parking garage having approximately one hundred (100) spaces located at 214 West 80th Street, New York, New York 10021." The agreement further provided that Guardian was to "manage and maintain Garage in a first-class manner as a self-parking facility in accordance with the terms and conditions hereinafter set forth." The agreement provisions with respect to Guardian's management and maintenance obligations refer solely to the parking facility and the operating equipment. All other maintenance obligations were ZKZ's. Since the management agreement defined the premises as the parking garage and limited Guardian's obligations to maintain and manage the parking facility and did not include premises exterior to the garage or adjoining roads or accesses, it is clear that even though use of the abutting sidewalk might be incidental to Guardian's operations, the abutting sidewalk was not part of the premises managed by Guardian. Thus, since the endorsement in the policy CNA issued to Guardian provides coverage for an additional insured "only for liability arising out of the ownership, maintenance and use of that part of the described premises which is leased to [Guardian]" the policy does not afford coverage to ZKZ in the underlying action.

The majority notes that contrary to the policy language describing the premises as that "leased" to Guardian, this case involves a management contract rather than a lease, and it ultimately concludes that therefore "the perimeters of the coverage afforded under the policy must be viewed not in strictly territorial terms but rather in operational terms covering the extent of control over the premises that the management agreement vested in Guardian." The parties, of course, have treated the relationship between ZKZ and Guardian, for purposes of CNA's coverage, as a lease. The plain fact is that if the agreement between ZKZ and Guardian is not, for purposes of the "Owners of Garage Premises" endorsement, regarded as a lease, then ZKZ is not covered at all as an additional insured under the policy at issue. ZKZ cannot, on the one hand, claim a status as an additional insured with respect to garage operations under an endorsement limiting the endorsement's application to demised premises and then, on the other, claim that it is not bound by the endorsement's limitation because there is no lease in effect.

In any event, for purposes of determining the scope of coverage, it is of no consequence whether the premises are "leased" or "managed" by Guardian; the majority provides no rationale as to why its view of the agreement would broaden the scope of coverage to include any part of the premises which Guardian might use rather than to limit coverage to that part of the premises which Guardian was obligated to maintain.

While it is a well accepted principle that the duty to defend is broader than the duty to indemnify (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 310), where it is clear that there is no factual or legal basis for indemnification under a policy, there is similarly no duty to defend and a court should, in such circumstances, so declare (*Propis v Fireman's Fund Ins. Co.*, 112 AD2d 734, 736, *affd* 66 NY2d 828). This is such a case.

The judgment appealed from should be modified to grant summary judgment in favor of CNA declaring in its favor.