■ PETER R. CATCHPOLE et al., Respondents, v U.S. UNDERWRITERS INSURANCE COMPANY, Appellant. [674 NYS2d 50] —In an action for a judgment declaring that the defendant U.S. Underwriters Insurance Company is obligated to defend and indemnify the plaintiff College of New Rochelle in connection with a personal injury action commenced against, *inter alia,* the College, and further declaring that a co-insurance relationship exists between the defendant and the plaintiff Peter Renshaw Catchpole, individually and as representative of certain underwriters at Lloyd's, London, subscribing policy 514927, the de-

fendant appeals from (1) a judgment of the Supreme Court, Westchester County (Silverman, J.), entered March 6, 1997, which, *inter alia,* upon an order of the same court, entered January 9, 1997, granting the plaintiffs' motion for summary judgment and denying its cross motion for summary judgment, made the requested declarations, and further declared that the defendant "is to share equally in the costs of defense and indemnification", and (2) an order of the same court, entered June 26, 1997, which denied its motion, in effect, for reargument. By decision and order on motion dated October 21, 1997, the notice of appeal from the order entered January 9, 1997, was deemed a premature notice of appeal from the judgment.

Ordered that the appeal from the order entered June 26, 1997, is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by (1) deleting from the first decretal provision thereof the words "is to share equally in the costs of defense and indemnification thereof", and substituting therefor the words "is responsible for three-eighths of the indemnification amount and the plaintiff Peter Renshaw Catchpole, individually and as representative of certain underwriters at Lloyd's, London, subscribing policy 514927, is responsible for five-eighths of the indemnification amount, and the defendant and Peter Renshaw Catchpole, individually and as representative of certain underwriters at Lloyd's, London, subscribing policy 514927, are to share equally in the costs of providing a defense in the underlying action", and (2) deleting the second decretal provision thereof; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for an evidentiary hearing on the issue of the reasonableness of the defense costs and for entry of an appropriate amended judgment in accordance herewith.

Aqua Tots, Ltd. (hereinafter Aqua Tots) leased swimming pool facilities from the plaintiff College of New Rochelle (hereinafter CNR) for the purpose of giving swimming lessons. After an infant was injured while in the pool area, a personal injury action was commenced against, *inter alia,* CNR and Aqua Tots. At the time of the accident, Aqua Tots was insured by the defendant herein, with the policy naming CNR as an "additional insured" with respect to liability arising out of the "ownership, maintenance or use of that part of the premises * * * leased to the named insured". Contrary to the defendant's claim, its policy provided coverage to CNR for exactly the type of liability incurred by CNR in the underlying personal injury action (*see, ZKZ Assocs. v CNA Ins. Co.,* 224 AD2d 174, *affd* 89 NY2d 990).

In addition to being covered by the policy issued by the defendant, CNR was also covered by a policy issued by certain underwriters at Lloyd's, London (hereinafter Lloyd's), of which the plaintiff, Peter Renshaw Catchpole, is a representative. Contrary to the court's finding, the defendant and Lloyd's are not equally responsible for any payment to be made in the underlying personal injury action. Lloyd's admitted in its moving papers that the defendant's responsibility in this matter was only for three-eighths of the total indemnity amount, plus interest from March 18, 1993, onward (*see,* CPLR 5003).

Furthermore, although defense costs should be equally shared between the two insurers, the court erred when it awarded defense costs to the plaintiffs without first conducting a hearing to determine the reasonableness of the attorneys' fees involved (*see, Austin v Juster Assocs.,* 222 AD2d 632).

The court did not err in treating the defendant's motion for renewal and reargument as one solely for reargument. The motion was not "based upon additional material facts which existed at the time the prior motion was made, but were not then known" to the defendant (*Foley v Roche,* 68 AD2d 558, 568). The order denying the motion is therefore not appealable (*see, SantaMaria v Schwartz,* 238 AD2d 569). Santucci, J. P., Joy, Friedmann and McGinity, JJ., concur.