■ Anne Maggio, Plaintiff, v Frank Mercogliano, Inc., et al., Defendants, and Eighteen Jericho Turnpike Corp., Defendant and Third-Party Plaintiff-Appellant. Commercial Union Insurance Co., Third-Party Defendant-Respondent. [693 NYS2d 609] —In an action to recover. damages for personal injuries, the defendant third-party plaintiff, Eighteen Jericho Turnpike Corp., appeals from an order of the Supreme Court,

Kings County (Rappaport, J.), dated June 4, 1998, which denied its motion for summary judgment on the third-party complaint seeking a judgment declaring that the third-party defendant Commercial Union Insurance Co. is obligated to defend and indemnify it in the main action.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted for the entry of a judgment severing the third-party action and declaring that the third-party defendant Commercial Union Insurance Co. is obligated to defend and indemnify the appellant in the main action.

The defendant Jem Caterers of NY, Ltd. (hereinafter Jem), leased catering facilities from the defendant third-party plaintiff Eighteen Jericho Turnpike Corp. (hereinafter the appellant). The plaintiff Anne Maggio was injured in the driveway area of the facility, and commenced a personal injury action against, among others, Jem and the appellant. At the time of the accident, Jem was insured by the third-party defendant Commercial Union Insurance Co. (hereinafter Commercial), and that policy named the appellant as an "additional insured" with respect to liability arising out of the ownership, maintenance, or use of that part of the premises which was leased to Jem.

Contrary to the contention of Commercial, its policy provided coverage to the appellant for exactly the type of liability at issue in the main personal injury action (*see, ZKZ Assocs. v CNA Ins. Co.,* 224 AD2d 174, *affd* 89 NY2d 990; *Catchpole v U.S. Underwriters Ins. Co.,* 250 AD2d 566).

In light of our determination, we need not address the appellant's remaining contentions. Bracken, J. P., O'Brien, Krausman and McGinity, JJ., concur.