■ NEW YORK CONVENTION CENTER OPERATING CORPORATION et al., Appellants, v MORRIS CERULLO WORLD EVANGELISM, INC., et al., Respondents. [704 NYS2d 211] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about October 19, 1998, which granted defendants' motion for summary judgment dismissing the action, denied plaintiffs' motion for summary judgment, and declared that defendants are not liable to plaintiffs for the amount of the settlement of the underlying *Rodriguez* personal injury action, unanimously modified, on the law, defendants' motion denied as to defen-

dant Cigna, plaintiffs' motion as against defendant Cigna granted, and it is declared that defendant Cigna is liable for one-half of the reasonable costs of defending and indemnifying plaintiff New York Convention Center Operating Corporation (NYCCOC) in the *Rodriguez* action, and, as so modified, the order is affirmed, without costs, and the matter remanded for further proceedings.

In July 1994, Nelly Rodriguez commenced a personal injury action against NYCCOC based on allegations that, on September 30, 1993, she was injured while at the Javits Center due to a dangerous condition of the "movable rugs/mats" at the entrance of the Javits Center. The bill of particulars elaborated that Ms. Rodriguez had been "caused to fall due to an improperly secured and placed rug/mats at the entranceway/ exit way of the [Javits Center]." Ms. Rodriguez testified at her deposition that she had been on her way to attend Cerullo's conference at the Javits Center when she fell. It is undisputed that the entranceway to the Javits Center where Ms. Rodriguez was injured, although not part of the "Space" Cerullo was licensed to use for its conference, was covered by the "right of passage to the Space through the entrance and lobby of the Center" granted to Cerullo by its Licensing Agreement with NYCCOC. Pursuant to such agreement, Cerullo obtained a commercial general liability insurance policy issued by Cigna Insurance Company.

Contrary to the conclusion of the Supreme Court, the Cigna Policy covers NYCCOC for liability for personal injuries suffered at the entranceway to the Javits Center by persons who were on the premises for the purpose of attending Cerullo's conference. That the entranceway was not included in the "Space" Cerullo was licensed to use for the conference is of no moment. It was part of the "right of passage" to such space and coverage under the policy was not limited to injuries incurred in the licensed "Space" itself. Rather, the Cigna Policy afforded coverage for "bodily injury," "personal injury," and "medical expenses" (among other categories of damage) "arising out of * * * [the] use of the premises [referenced in the policy declarations] * * * and operations necessary or incidental to those premises". This Court has recently construed similar language in another liability insurance policy to include not only the premises specifically identified as covered, but also other space whose use was incidental to the use of the expressly covered premises (*ZKZ Assocs. v CNA Ins. Co.*, 224 AD2d 174, *affd* 89 NY2d 990).

A person coming to attend Cerullo's conference had to go

through an entranceway to the Javits Center in order to reach the conference. That Cerullo had no control over, or responsibility for, the entrance ways to the Javits Center, is irrelevant to the scope of coverage under the Cigna Policy, which, by its terms, afforded NYCCOC coverage for the increased risk of liability attendant to Cerullo's use of the Javits Center for its conference.

Plaintiffs concede that the liability policy issued to NYCCOC by co-plaintiff National Union constitutes co-insurance with the policy issued by Cigna, and that, since the policies are both primary and contain identical "Other Insurance" provisions permitting "contribution by equal shares", each insurer should bear one-half the cost of defending and indemnifying NYCCOC in the *Rodriguez* action. At this point, the *Rodriguez* action has been settled, but the present record does not afford a basis for determining whether the defense costs incurred, and settlement paid, by National Union in that action were reasonable.

Accordingly, we simply declare that Cigna is liable for one-half of the reasonable costs of NYCCOC's defense and indemnification in the *Rodriguez* action, and leave the determination of the precise amount of Cigna's liability for determination in future proceedings.

We have considered the parties' alternative points and find them unpersuasive. Concur—Nardelli, J. P., Williams, Ellerin, Rubin and Andrias, JJ.