■ WILLIAM MALDONADO, Plaintiff, v KISSM REALTY CORPO-RATION, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. HEALTH INSURANCE PLAN OF GREATER NEW YORK, INC., Third-Party Defendant-Respondent. [760 NYS2d 556] —In an action to recover damages for personal injuries, the de-

fendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated May 14, 2002, as denied those branches of its motion which were for summary judgment on its causes of action alleging common-law and contractual indemnification, and granted that branch of the motion of the third-party defendant which was for summary judgment on its cross claim for contractual indemnification against the defendant third-party plaintiff.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when he fell from an I-beam that supported the heating, ventilation, and air conditioning (hereinafer HVAC) units on the roof of a building owned by the defendant third-party plaintiff, Kissm Realty Corporation (hereinafter Kissm), and leased to the third-party defendant Health Insurance Plan of Greater New York, Inc. (hereinafter HIP). The plaintiff was performing maintenance work on the HVAC units for his employer who had been hired by HIP. These HVAC units were part of the "Building Systems."

The lease between Kissm and HIP, inter alia, required Kissm to indemnify and reimburse HIP for all liabilities incurred by HIP in connection with the maintenance of the "Building Systems." Since the plaintiff's accident occurred in connection with the maintenance of the Building Systems, the Supreme Court correctly determined that HIP was entitled to contractual indemnification from Kissm.

Contrary to Kissm's argument, HIP's right of access to the roof for maintenance of the HVAC units did not make the area where the plaintiff fell part of the demised premises (*cf. Figueroa v Center Assoc.,* 283 AD2d 324, 325 [2001]). Moreover, Kissm was not entitled to common-law indemnification from HIP, since HIP did not have the authority to direct, supervise, and control the work which gave rise to the plaintiff's injury (*see Taeschner v M & M Restorations,* 295 AD2d 598, 600 [2002]).

HIP failed to procure general liability insurance in favor of Kissm as required by the parties' lease. Nevertheless, Kissm procured its own insurance which covers the plaintiff's claims. Therefore, the Supreme Court correctly held that HIP's "liability for the breach of the lease provision is limited to the cost of that liability insurance" (*Mavashev v Shalosh Realty,* 233 AD2d 301, 302-303 [1996]). Smith, J.P., S. Miller, Crane and Cozier, JJ., concur.