■ WILLIAM MALDONADO, Plaintiff, v KISSM REALTY CORPORATION, Defendant and Third-Party and Second Third-Party Plaintiff-Respondent, et al., Defendants. HEALTH INSURANCE PLAN OF GREATER NEW YORK, Third-Party and Second Third-Party Defendant; FIREMAN'S FUND INSURANCE COMPANY, Second Third-Party Defendant-Appellant, et al., Second Third-Party Defendant. [796 NYS2d 619]—

In an action to recover damages for personal injuries and, inter alia, a second third-party action for a judgment declaring that Fireman's Fund Insurance Company is obligated to defend and indemnify Kissm Realty Corporation in the main action, Fireman's Fund Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated November 19, 2003, as denied its cross motion for summary judgment declaring that it is not obligated to defend and indemnify Kissm Realty Corporation in the main action, and granted that branch of the motion of Kissm Realty Corporation which was for summary judgment declaring that it is so obligated to defend and indemnify Kissm Realty Corporation in the main action.

Ordered that the order is affirmed, with costs, the second third-party action is severed, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that Fireman's Fund Insurance Company is obligated to defend and indemnify Kissm Realty Corporation in the main action.

The plaintiff allegedly was injured when he fell from an I-beam that supported certain heating, ventilation, and air conditioning (hereinafter HVAC) units on the roof of a building owned by Kissm Realty Corporation (hereinafter Kissm). Kissm leased space in the building to the third-party and second third-

party defendant Health Insurance Plan of Greater New York, Inc. (hereinafter HIP), pursuant to a lease dated July 1, 1994. In November 1995 the lease was amended, inter alia, to let additional space in the building to HIP. The amendment also acknowledged that HIP had the exclusive use of two rooftop HVAC units, and had at its own cost spent about $10,000 for upgrades and repairs of those units. Further, Kissm agreed that whenever HIP elected to perform maintenance services on the HVAC units, Kissm would permit access from the demised premises to the roof area where the units were located. HIP had the right to replace the units with new ones, at its sole cost and expense. It also had the right to remove any new units it installed at the end of the lease term. Kissm and HIP agreed that such units would not be considered permanent fixtures, but would remain HIP's property.

At the time of his accident, the plaintiff was performing maintenance work on the subject HVAC units for his employer, which had been hired by HIP. HIP had a general liability policy issued by the second third-party defendant Fireman's Fund Insurance Company (hereinafter FFIC). Kissm was an "additional insured" on that policy, inter alia, with respect to "liability arising out of . . . the ownership, maintenance or use of that part of the premises" HIP leased from Kissm.

The Supreme Court correctly determined that FFIC is obligated to defend and indemnify Kissm in the main action. Kissm's potential liability, if any, arises out of HIP's "ownership, maintenance or use" of the demised premises, and therefore Kissm was covered as an additional insured under the subject policy (see ZKZ Assoc. v CNA Ins. Co., 224 AD2d 174 [1996], affd 89 NY2d 990 [1997]). Under the circumstances presented, HIP assumed a maintenance obligation regarding the rooftop HVAC units that otherwise would have been Kissm's. Although the roof technically was not part of the premises demised to HIP, here, as in ZKZ Assoc. v CNA Ins. Co. (supra at 175), "the perimeters of coverage afforded under the policy must be viewed not in strictly territorial terms but rather in operational terms covering the extent of control over the premises" that the Kissm/HIP lease, as amended, vested in HIP.

We note that there is no inconsistency between the result reached here and our prior decision in Maldonado v Kissm Realty Corp. (306 AD2d 328 [2003]). That appeal involved HIP's and Kissm's rights to indemnification from each other under the common law and under their lease. This appeal involves the distinct issue of Kissm's right to a defense and indemnification from a different party and under a different contract—that is,

from FFIC, under the general liability policy FFIC issued to HIP.

Since Kissm sought a declaratory judgment in its second third-party action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that FFIC is obligated to defend and indemnify Kissm in the main action (*see Lanza v Wagner*, 11 NY2d 317 [1962], *cert denied* 371 US 901 [1962]). H. Miller, J.P., Ritter, Goldstein and Crane, JJ., concur.