Wesco Ins. Co. v Travelers Prop. Cas. Co. of Am. (2020 NY Slip Op 06411)





Wesco Ins. Co. v Travelers Prop. Cas. Co. of Am.


2020 NY Slip Op 06411


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Friedman, J.P., Renwick, Oing, Mendez, JJ. 


Index No. 150732/19 Appeal No. 12320 Case No. 2020-00018 

[*1]Wesco Insurance Company, Plaintiff-Appellant,
v
Travelers Property Casualty Company of America, Defendant-Respondent, Capital One, N.A. et al., Defendants.


Kennedys CMK LLP, New York (Max W. Gershweir of counsel), for appellant.
Keane & Associates, New York (Meg R. Reid of counsel), for respondent.



Order, Supreme Court, New York County (Lucy Billings, J.), entered December 11, 2019, which, insofar as appealed from as limited by the briefs, granted defendant Travelers Property Casualty Company of America's motion for summary judgment declaring that it owes no duty to defend or indemnify Waldman Management Corp. in an underlying personal injury action, and so declared, denied plaintiff's (Wesco) motion for summary judgment against Travelers and for a default judgment against defendant Capital One Financial Corp. (Capital One), pursuant to CPLR 3215, unanimously reversed, on the law, with costs, Travelers' motion denied, and the declaration vacated, Wesco's motion for summary judgment granted to the extent of directing Travelers to reimburse Wesco for any costs it has incurred defending and indemnifying Waldman in the underlying action under the insurance policy Travelers issued to Capital One naming Waldman as an additional insured, and declaring that Travelers is obligated to defend and indemnify Waldman in that action under that policy and that Travelers is barred by the anti-subrogation rule from seeking indemnification from Waldman in that action, and Wesco's motion for a default judgment against Capital One granted to the extent of declaring that Wesco owes no duty to defend or indemnify Capital One in that action.
The plaintiff in the underlying action alleged that he slipped and fell on ice on the sidewalk abutting the front of Capital One's bank branch building in a shopping center after exiting the building. Capital One leased the building from Waldman, the owner of the shopping center, and, in accordance with its lease, named Waldman as an additional insured in a commercial general liability policy issued to it by Travelers. The policy covered Waldman "only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to [Capital One] and shown in the Schedule." The lease defined the leased premises to include the building and "all appurtenances."
Waldman is covered as an additional insured by the Travelers policy in connection with the underlying action because the action arose from the "use" of the leased premises, i.e., plaintiff's use of the sidewalk as a means of egress from the bank branch building (ZKZ Assoc. v CNA Ins. Co., 89 NY2d 990 [1997]; Public Serv. Mut. Ins. Co. v Nova Cas. Co., 177 AD3d 472 [1st Dept 2019]; Tower Ins. Co. of N.Y. v Leading Ins. Group Ins. Co., Ltd., 134 AD3d 510 [1st Dept 2015]). Coverage is determined by the terms of the policy, and is not affected by the finding in the underlying action that Waldman may have failed to satisfy any legal obligations to maintain the sidewalk (New York Convention Ctr. Operating Corp. v Cerullo World Evangelism, 269 AD2d 275 [1st Dept 2000]).
Wesco, which issued a commercial general liability policy to Waldman, is entitled to a declaration that it owes no obligation to defend or indemnify Capital One, which is
not a named or an additional insured under the policy (see Moleon v Kreisler Borg Florman Gen. Constr. Co., 304 AD2d 337, 339 [1st Dept 2003]). It is true that the policy provided that in the event Wesco defended Waldman in an action to which an indemnitee of Waldman was also a party, it would defend that indemnitee "if all of the [listed] conditions [were] met." However, even if Capital One were Waldman's indemnitee, it would not be entitled to coverage, because the condition that there be no conflict between Waldman's and its indemnitee's interests in the underlying action was not met.
Wesco is also entitled to a declaration that Travelers may not seek indemnification from Waldman on behalf of Capital One in the underlying action. The anti-subrogation rule would bar an attempt to obtain payment from Waldman, an additional insured under the Travelers policy, to cover the same risk for which it is covered under the policy (see generally North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281, 294-295 [1993]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020