| Sterling Landlord Corp. v Axis Ins. Co. |
|:---:|
| 2024 NY Slip Op 32955(U) |
| August 20, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651800/2021 |
| Judge: Suzanne Adams |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. SUZANNE ADAMS

*Justice*

PART          39M

-----------------------------------------------------------------X

STERLING LANDLORD CORP., UNITED STATES REALTY & INVESTMENT COMPANY, C&I BROADWAY, LLC

Plaintiff,

- v -

AXIS INSURANCE COMPANY,

Defendant.

-----------------------------------------------------------------X

| INDEX NO. | 651800/2021 |
| --- | --- |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49

were read on this motion to/for                   JUDGMENT - SUMMARY                   .

Upon the foregoing documents, it is ordered that defendant's motion is denied and plaintiffs' cross-motion is granted. Plaintiffs in this action are the landlords of the premises at 1650 Broadway, New York, New York. Pursuant to a lease effective June 1, 2017, through May 31, 2027, non-party 1650 Broadway Associates Inc. ("Tenant") leased the premises. The lease provided that Tenant be responsible for taking good care of the premises and the adjacent sidewalks and keeping the sidewalks in good condition, and also that it obtain general liability insurance and name plaintiffs as additional insureds. Tenant procured a liability policy from defendant, who issued an insurance policy for Tenant effective June 17, 2019, through June 17, 2020, which, *inter alia*, limited coverage to the premises as well as bodily injury arising out of the ownership, maintenance, or use of the premises and the operations necessary or incidental to the premises, and named plaintiffs as additional insureds.

In 2019, a non-party individual allegedly tripped and fell on the sidewalk in front of the premises and brought suit against plaintiffs (and others) alleging the sidewalk was negligently

[* 1]

maintained and was in a broken and unsafe condition. Plaintiffs sent a tender letter on or about September 18, 2020, to defendant seeking defense and indemnification in the underlying action, and commenced this declaratory judgment action in March 2021. Defendant now moves pursuant to CPLR 3212 for summary judgment dismissing the complaint and declaring it has no duty to indemnify or defend plaintiffs in connection to the underlying action. Plaintiffs oppose the motion and cross-move pursuant to CPLR 3001 and 3212 for summary judgment declaring that defendant: (1) has a duty to defend and indemnify plaintiffs in the underlying action; and (2) must cover costs of defense payments by plaintiffs or plaintiffs' insurer for the underlying action, plus statutory interest. Defendant opposes the cross-motion.

"The proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case." *Winegrad v. N.Y. Univ. Med. Ctr.*, 64 N.Y.2d 851, 853 (1985) (citations omitted). If the moving party meets their burden, the opposing party must produce evidentiary proof in admissible form that is sufficient to raise a triable issue of fact. *Zuckerman v City of New York*, 49 N.Y.2d 557, 562 (1980). Further, "[a]n insurer's duty to defend its insured is 'exceedingly broad.' An 'insurer will be called upon to provide a defense whenever the allegations in the complaint suggest . . . a reasonable possibility of coverage.' 'If [a] complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend.' This standard applies equally to additional insureds and named insureds." *Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 N.Y.3d 34, 37 (2010) (citations omitted). Where an insured has an express duty to maintain the sidewalk outside its leased premises, and to indemnify the landlord, it can be reasonably inferred that an underlying accident on the sidewalk in front of the leased premises arises from the maintenance of

**651800/2021 STERLING LANDLORD CORP. ET AL vs. AXIS INSURANCE COMPANY**
Motion No. 002

**Page 2 of 4**

2 of 4

the sidewalk. *Wesco Ins. Co. v Rutgers Cas. Ins. Co.*, 202 A.D.3d 460 (1st Dep't 2022). Thus, where an insurance policy covers liability arising out of the ownership, maintenance, or use of the part leased to a tenant, an additional insured endorsement covers claims arising out of a defect on the sidewalk where a lease agreement obligates a tenant to keep the sidewalk in reasonably good condition. *Tower Ins. Co. of New York v Leading Ins. Group Ins. Co., Ltd.*, 134 A.D.3d 510, 510 (1st Dep't 2015). In fact, use of the sidewalk for access to a premises is an inextricable part of the use the premises so liability arising from the sidewalk use falls within an additional insured's coverage. *ZKZ Assoc. v CNA Ins. Co.*, 224 A.D.2d 174, 176 (1st Dep't 1996), *affd* 89 N.Y.2d 990 (1997); *see also New York Convention Ctr. Operating Corp. v Cerullo World Evangelism*, 269 A.D.2d 275, 276 (1st Dep't 2000) (liability insurance includes "not only the premises specifically identified as covered, but also other space whose use was incidental to the use of the expressly covered premises").

Here, defendant fails to meet its *prima facie* burden, in that it fails to show that the sidewalk is not part of the covered premises and that plaintiffs are not entitled to additional insureds coverage. The policy at issue states that coverage applies to "bodily injury" claims arising out of "[t]he ownership, maintenance, or use of the premises . . . and operations necessary or incidental to those premises[.]" The policy itself makes no distinction between persons who use the sidewalk to enter or exit the premises and persons who use the sidewalk to pass by the premises. In either event, the adjacent sidewalk is an incidental part of the premises from which liability arising from its use squarely falls within plaintiffs' additional insured coverage.

On the other hand, plaintiffs have met their *prima facie* burden, and defendant fails to raise a triable issue of fact that would preclude summary judgment. The personal injury claim in the underlying action arises out of the maintenance or use of the premises, which includes the

651800/2021   STERLING LANDLORD CORP. ET AL vs. AXIS INSURANCE COMPANY          Page 3 of 4
Motion No. 002

3 of 4

[* 3]

sidewalk, that is within the covered language or events of the insurance policy. Since the underlying plaintiff's claim stems from covered instances in the insurance policy, defendant has a duty to defend and indemnify plaintiffs in the underlying action, and defendant does not proffer an exclusion clause to deny coverage. Accordingly, it is hereby

ORDERED that defendant's motion is denied; and it is further

ORDERED that plaintiffs' cross-motion is granted in its entirety; and it is further

ORDERED, ADJUDGED, and DECREED that defendant owes a duty to defend and indemnify plaintiffs on a primary basis with respect to the underlying action captioned *Pinto v. Sterling Landlord Corp., et al.,* pending in the Supreme Court, New York County, under Index No. 155178/2020; and it is further

ORDERED that a hearing in this matter to determine the amount of defense payments made by plaintiffs or plaintiffs' insurer with respect to the underlying action, plus statutory interest and costs of suit, is referred to a Special Referee, and that within 60 days from the date of this order plaintiff shall cause a copy of this order with notice of entry, including proof of service thereof, to be filed with the Special Referee clerk (Room 119M, 646-386-3028 or spref@nycourts.gov) to arrange a date for a reference to determine pursuant to CPLR § 4317(b), and that pursuant to CPLR § 3215(b) the Clerk is directed to enter judgment in favor of plaintiffs and against defendant in accordance with the report of the aforementioned Special Referee without any further application.

This constitutes the decision and order of the court.

| 08/20/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **SUZANNE ADAMS, J.S.C.** | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X GRANTED IN PART | x OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**651800/2021  STERLING LANDLORD CORP. ET AL vs. AXIS INSURANCE COMPANY**
**Motion No.  002**

Page 4 of 4