Normile v DB Ins. Co., Ltd. (2026 NY Slip Op 00788)

Normile v DB Ins. Co., Ltd.

2026 NY Slip Op 00788

Decided on February 11, 2026

Appellate Division, Second Department

Landicino, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2024-04354
 (Index No. 510151/20)

[*1]Catherine Normile, respondent, 
vDB Insurance Co., Ltd., appellant, et al., defendants.

APPEAL by the defendant DB Insurance Co., Ltd., in an action pursuant to Insurance Law § 3420(a)(2) to recover the amount of an unsatisfied judgment in favor of the plaintiff and against the insured of that defendant, from an order of the Supreme Court (Katherine A. Levine, J.), dated January 29, 2024, and entered in Kings County. The order granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against that defendant, and denied that branch of the motion of the defendants DB Insurance Co., Ltd., and International Underwriting Agency, Inc., which was, in effect, for summary judgment dismissing the complaint insofar as asserted against the defendant DB Insurance Co., Ltd.

Gerber Ciano Kelly Brady LLP, Garden City, NY (Brendan T. Fitzpatrick and Joanna M. Roberto of counsel), for appellant.
Weitz & Luxenberg, P.C., New York, NY (Jared Lacertosa and Daniel Sully of counsel), for respondent.

LANDICINO, J.

OPINION & ORDER
This case presents us with the opportunity to interpret language that is commonly used in general liability insurance policies procured by businesses. The primary issue on appeal is whether the language of the subject general liability business insurance policy obligates the insurer to provide coverage for bodily injury that allegedly occurred in the course of the insured's business, but not as a result of operations at or otherwise related to the covered premises that are specifically identified in the policy. We hold that, under the language of the insurance policy at issue here, the insurer was not obligated to provide coverage to the insured and, thus, is not required pursuant to Insurance Law § 3420(a)(2) to satisfy the outstanding amount of the judgment in favor of the plaintiff and against the insured in the underlying action.
The relevant facts of the case are not in dispute. In 2014, 305 Union St. Station, Inc., doing business as Kittery Restaurant (hereinafter the insured), was operating a restaurant located in Brooklyn that included take-out food delivery services. The plaintiff, Catherine Normile, alleges that she was injured in April 2014, when an employee of the insured, while riding a bicycle, collided with her as she was crossing the street. That employee allegedly was in the process of returning to the insured's restaurant from a food delivery when the collision occurred "on Smith Street at/or near [sic] the intersection of Sackett Street" in Brooklyn, a distance of approximately one city block away from the restaurant. In October 2014, the plaintiff commenced an action to recover damages for personal injuries against the insured, among others, entitled Normile v Kittery Restaurant, in Supreme Court, Kings County, under Index No. 14576/14 (hereinafter the underlying action).
The defendant DB Insurance Co., Ltd. (hereinafter the insurer), formerly known as Dongbo Insurance Co., Ltd., issued a general liability insurance business policy to the insured for the period of December 28, 2013, to December 28, 2014. As relevant, the policy contained an [*2]endorsement titled "Limitation of Coverage to Designated Premises or Project." That endorsement provided, inter alia, that coverage was limited to claims of "bodily injury, property damage, personal and advertising injury, and medical expenses arising out of . . . [t]he ownership, maintenance or use of the premises . . . and operations necessary or incidental to those premises." The policy identified the covered "premises" as 305 Union Street in Brooklyn, the apparent location of the insured's restaurant.
By letter dated February 5, 2015 (hereinafter the disclaimer letter), the insurer disclaimed coverage and refused to defend or indemnify the insured in the underlying action because, among other things, the accident did not occur at the covered premises. In the disclaimer letter, the insurer stated, "[t]he alleged loss location of Smith Street at/or near the intersection of Sackett Street, Kings County NY is not a covered location under the above policy. The policy covers 305 Smith Street Brooklyn NY [FN1]. As coverage under this policy is limited to the covered location noted above, [the insurer] will not provide coverage for this loss." A judgment in favor of the plaintiff and against the insured, among others, was subsequently entered in the underlying action in the principal sum of $500,000, which remains largely unsatisfied.
In June 2020, the plaintiff commenced this action pursuant to Insurance Law § 3420(a)(2) against the insurer, among others, to recover the unsatisfied amount of the judgment. The plaintiff moved for summary judgment on the complaint insofar as asserted against the insurer. The insurer opposed the plaintiff's motion. The insurer and the defendant International Underwriting Agency, Inc. (hereinafter together the defendants), moved, inter alia, in effect, for summary judgment dismissing the complaint insofar as asserted against the insurer. In an order dated January 29, 2024, the Supreme Court granted the plaintiff's motion and denied that branch of the defendants' motion. The insurer appeals.
"Insurance Law § 3420 grants an injured plaintiff the right to sue a tortfeasor's insurance company to satisfy a judgment obtained against the tortfeasor" (Lang v Hanover Ins. Co., 3 NY3d 350, 352; see Insurance Law § 3420[a][2]; ZL v Zurich Am. Ins. Co., 214 AD3d 846, 848). "The effect of the statute is 'to give to the injured claimant a cause of action against an insurer for the same relief that would be due to a . . . principal seeking indemnity and reimbursement after the judgment had been satisfied'" (DeLuca v RLI Ins. Co., 187 AD3d 709, 711, quoting Coleman v New Amsterdam Cas. Co., 247 NY 271, 275).
"In construing an insurance contract, the tests to be applied are common speech and the reasonable expectations of the average insured upon reading the policy" (Garnar v New York Cent. Mut. Fire Ins. Co., 96 AD3d 715, 716 [citation and internal quotation marks omitted]; see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co., 60 NY2d 390, 398). "As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court" (White v Continental Cas. Co., 9 NY3d 264, 267 [citation omitted]; see Richner Communications, Inc. v Tower Ins. Co. of N.Y., 72 AD3d 670, 671; NIACC, LLC v Greenwich Ins. Co., 51 AD3d 883, 884). "[W]here the provisions are clear and unambiguous, the courts should not strain to superimpose an unnatural or unreasonable construction," and should not "find an ambiguity where none in fact exists" (Morales v Allcity Ins. Co., 275 AD2d 736, 736 [internal quotation marks omitted]).
The interpretation of an insurance provision must be sensitive to the "reasonable expectations of the average insured" (Garnar v New York Cent. Mut. Fire Ins. Co., 96 AD3d at 716 [internal quotation marks omitted]; see BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 716). Courts must be careful not to interpret an insurance policy to reflect "extremely narrow coverage" or "rewrite the policy without regard to . . . reasonable expectations as expressed in the contract" (City of New York v Philadelphia Indem. Ins. Co., 54 AD3d 709, 710 [internal quotation marks [*3]omitted]).
The primary issue on this appeal is the interpretation of the language of the endorsement titled "Limitation of Coverage to Designated Premises or Project," which provides that coverage was limited to, inter alia, claims of bodily injury "arising out of . . . [t]he ownership, maintenance or use of the premises . . . and operations necessary or incidental to those premises." The plaintiff urges us to find that the actions of the insured's employee—riding a bicycle back to the restaurant after delivering a take-out order—constituted an "operation[ ] necessary or incidental to those premises." The insurer, on the other hand, maintains that the incident did not occur at the covered premises and that the language of the policy applies only to incidents that occur at the covered premises.
As with any case of contractual interpretation in the insurance context, we begin with the plain language of the policy (see Gilbane Bldg. Co./TDX Constr. Corp. v St. Paul Fire & Mar. Ins. Co., 31 NY3d 131, 135). There is no dispute that the alleged injuries in the underlying action constitute "bodily injury" as it is defined in the policy or that such injuries "arose out of" the alleged actions of the restaurant's employee, as the terms are commonly interpreted (see Mack-Cali Realty Corp. v NGM Ins. Co., 119 AD3d 905, 906-907). The primary issue on appeal centers on whether the actions of the restaurant's employee were "operations necessary or incidental to [the] premises." "[I]t is common practice for the courts of this State to refer to the dictionary to determine the plain and ordinary meaning of words to a contract" (Mazzola v County of Suffolk, 143 AD2d 734, 735). "Necessary" has been defined as "absolutely needed" or "of an inevitable nature" (Merriam-Webster.com Dictionary, necessary [https://www.merriam-webster.com/dictionary/necessary]). "Incidental" has been defined as "being likely to ensue as a chance or minor consequence" (Merriam-Webster.com Dictionary, incidental [https://www.merriam-webster.com/dictionary/incidental]). The plain language of the policy is not ambiguous, since there is only one meaning which may be attached to the words used therein (see NIACC, LLC v Greenwich Ins. Co., 51 AD3d at 884).
The question of whether the alleged bodily injury arose out of "operations necessary or incidental to [the] premises," as those words are commonly used, is not easily answered. This Court has not had occasion to interpret and apply the relevant language of the policy at length, but several of our sister courts have.
In New York Convention Ctr. Operating Corp. v Cerullo World Evangelism (269 AD2d 275, 276), an injured attendee of a conference at the Javits Center commenced an underlying action against the New York Convention Center Operating Corp., alleging that she was injured due to a dangerous condition at an entranceway of the Javits Center. The entranceway where she was injured was not specifically part of the space that the organizer of the conference was licensed to use for its conference (see id.). The organizer of the conference had obtained a commercial general liability insurance policy that afforded coverage for "bodily injury" "arising out of . . . [the] use of the premises . . . and operations necessary or incidental to those premises" (id. [internal quotation marks omitted]). Although the Supreme Court had determined that the insurance policy did not provide coverage for liability for personal injuries sustained at the entranceway, the First Department modified its order, concluding that the insurer was obligated to provide defense and indemnification in the underlying action (see id. at 275). The Appellate Division, First Department, stated that "[a] person coming to attend [the] conference had to go through an entranceway to the Javits Center in order to reach the conference" and that the policy language "include[d] not only the premises specifically identified as covered, but also other space whose use was incidental to the use of the expressly covered premises" (id. at 276-277).
The United States District Courts for the Southern and Eastern Districts of New York have interpreted identical policy language and have concluded, under other circumstances, that coverage did not exist. In Ten Seventy One Home Corp. v Liberty Mut. Fire Ins. Co. (2008 WL 2464187, *1, 2008 US Dist LEXIS 47328, *1-2 [SD NY, No. 07CV11211 (DLC)]), an employee of the New York City Department of Buildings allegedly was injured in an accident at 3001 Arlington Avenue in the Bronx, which was owned by Ten Seventy One Home Corp. (hereinafter Ten Seventy One). Allegedly, the injuries were caused when a worker closed an overhead garage door onto the head of the injured party (see id.). Ten Seventy One operated, administered, and maintained a number of rental properties in Manhattan and the Bronx (see id.). The injured party commenced an underlying action against Ten Seventy One, among others, and Ten Seventy One subsequently sought defense and indemnification for that underlying action (see id.). Ten Seventy One held two insurance policies that provided coverage for "bodily injury . . . arising out of . . . [t]he ownership, [*4]maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises" (Ten Seventy One Home Corp. v Liberty Mut. Fire Ins. Co., 2008 WL 2464187, *1-2, 2008 US Dist LEXIS 47328, *3-4 [internal quotation marks omitted]). However, while the two policies listed several other covered premises, neither policy identified 3001 Arlington Avenue as a covered premises (see id.). The District Court determined that Ten Seventy One's insurer was not obligated to defend or indemnify Ten Seventy One in the underlying action because there were no allegations that the operations at 3001 Arlington Avenue at the time of the incident had any relation or connection with the operation of any covered premises listed in the policies (see Ten Seventy One Home Corp. v Liberty Mut. Fire Ins. Co., 2008 WL 2464187, *4, 2008 US Dist LEXIS 47328, *11). According to the court, "other than the fact that 3001 Arlington is the business address for the management company operating the premises listed in the [relevant] insurance policies, [there was] no basis on which to extend the . . . policies to encompass 3001 Arlington" and "no New York case law [was identified] that would permit an interpretation of 'operations necessary or incidental to those premises' that would extend insurance coverage to 3001 Arlington, which is not listed on the schedule of insured premises, is nowhere in the vicinity of the insured premises, and whose only relationship with the insured premises is business-related in nature" (id.).
In Illinois Union Ins. Co. v Midwood Lbr. & Millwork, Inc. (2014 WL 639420, *3, 2014 US Dist LEXIS 19981, *7-10 [ED NY, No. 13CV2466 (ARR) (JO)]), three underlying personal injury actions were commenced against, among others, Midwood Lumber and Millwork Inc. (hereinafter Midwood), after a building collapsed at a construction site located at 227 Carlton Avenue in Brooklyn, allegedly causing the death of one person and injuries to others. According to Midwood, it had delivered "sand & block" to the third floor of the construction site, which caused an already unstable floor to cave in (id.). Midwood had procured an insurance policy for its business operations that contained language identical to that at issue in this case (see Illinois Union Ins. Co. v Midwood Lbr. & Millwork, Inc., 2014 WL 639420, *1-2, 2014 US Dist LEXIS 19981, *4-7). Despite the fact that several properties were listed as covered premises, 227 Carlton Avenue was not listed as a covered premises (see Illinois Union Ins. Co. v Midwood Lbr. & Millwork, Inc., 2014 WL 639420, *2, 2014 US Dist LEXIS 19981, *7). Although Midwood argued that the delivery of materials to the construction site was "covered as 'operations necessary or incidental' to the sales from its business operations" that were conducted from a covered premises, the District Court determined that "the clear language of the Policy limits coverage to operations that are 'necessary or incidental' to the premises themselves" (Illinois Union Ins. Co. v Midwood Lbr. & Millwork, Inc., 2014 WL 639420, *7, 2014 US Dist LEXIS 19981, *20). According to the court, Midwood's operations "did not take place on a space appurtenant or spatially related to the scheduled designated premises [and were] in no way incidental to the enjoyment, use or maintenance of the scheduled premises themselves" (Illinois Union Ins. Co. v Midwood Lbr. & Millwork, Inc., 2014 WL 639420, *8, 2014 US Dist LEXIS 19981, *23; see Accessories Biz, Inc. v Linda & Jay Keane, Inc., 533 F Supp 2d 381, 388-389 [SD NY 2008] [holding that, where a designated premises endorsement limited coverage to operations necessary or incidental to a business's premises located in Florida, there was no coverage for business-related activity occurring in New York at the showroom of the business]).
We can glean from these cases that, in interpreting the language used in the policy—which, as relevant, limits coverage to claims of bodily injury "arising out of . . . operations necessary or incidental to [the] premises"—there are both spatial and circumstantial concerns at play. While coverage might not exist where a covered premises bears only slight or no relation to the alleged incident (see H. & H. K. Toys & Sporting, Inc. v Lumbermen's Mut. Cas. Co., 42 AD2d 634, 635; Illinois Union Ins. Co. v Midwood Lbr. & Millwork, Inc., 2014 WL 639420, *7-8, 2014 US Dist LEXIS 19981, *21-22; Ten Seventy One Home Corp. v Liberty Mut. Fire Ins. Co., 2008 WL 2464187, *4, 2008 US Dist LEXIS 47328, *10-11), coverage may exist where, for example, a bodily injury was caused by an allegedly defective condition in a space that was appurtenant to a covered premises and that had to be traversed in order to access the covered premises (see New York Convention Ctr. Operating Corp. v Cerullo World Evangelism, 269 AD2d at 277). We thus reject the insurer's formalistic interpretation of the relevant language, which would allow an insurer to deny coverage any time an incident does not occur at an expressly identified covered premises. We adopt an interpretation of the policy language that requires a review of the alleged incident and its spatial and circumstantial connection to the covered premises. Coverage must be afforded to the insured under this language where the incident takes place in a location that has a direct relationship [*5]to the covered premises and where the circumstances of the incident relate in some way to the nature of the covered premises itself, not just the business that is operating out of the covered premises.
Here, the insured's employee allegedly struck the plaintiff while riding a bicycle in the process of returning to the insured's restaurant after making a take-out food delivery. Even assuming the employee was returning to the covered premises while engaged in activity on behalf of the restaurant, the incident did not relate to the covered premises itself. Like in Illinois Union Ins. Co. v Midwood Lbr. & Millwork, Inc. (2014 WL 639420, 2014 US Dist LEXIS 19981) and Ten Seventy One Home Corp. v Liberty Mut. Fire Ins. Co. (2008 WL 2464187, 2008 US Dist LEXIS 47328), there was no premises-based connection between the incident and the covered premises, since the only connection between the incident and the premises was that the insured conducted its restaurant business at the covered premises. Although the employee may have been engaged in activity that was related to the operation of the restaurant, such activity, in our view, is not an "operation[ ] . . . incidental to [the] premises." Such activity is, perhaps, incidental or necessary to the operation of the business, but the plain language of the policy covers only activity that is necessary or incidental to the premises.
The fact that the alleged incident happened approximately one city block from the restaurant is also significant. The employee was traveling on the streets near the restaurant in order to effect deliveries, but the use of those streets was not "incidental to the use of the expressly covered premises" (New York Convention Ctr. Operating Corp. v Cerullo World Evangelism, 269 AD2d at 276). Unlike in New York Convention Ctr. Operating Corp. v Cerullo World Evangelism, where the alleged incident occurred in a location that was appurtenant to the covered premises and which had to be traversed in order to access the covered premises, the incident alleged here did not occur in such a location.
Such an interpretation of the policy in this case does not conflict with the reasonable expectations of the insured or the insurer. The insurer was aware that the insured was operating a restaurant from the covered premises, as evidenced by such a designation within the policy itself, but declined to include a provision in the policy that would insure for losses arising from operations necessary or incidental to the business. The language of the policy is clear and requires a premises-based connection for coverage to apply. Under the facts presented here, however, the alleged bodily injury arose out of an operation that was not "incidental" to the premises itself, as the word is commonly understood, and no average insured would reasonably expect coverage under the circumstances (cf. BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d at 716).
Notably, there are instances where a general liability business insurance policy will insure losses arising from the operations necessary or incidental to the business rather than the premises. For example, in Hicksville Motors v Merchants Mut. Ins. Co. (97 AD2d 396, 396, affd 61 NY2d 661), an underlying action was brought against Hicksville Motors, alleging that an employee of Hicksville Motors "ignited a fireworks-type device on business premises which entered adjoining premises" and caused injury. Hicksville Motors sought defense and indemnification under an insurance policy that covered losses from accidents arising out of "all operations necessary or incidental to a garage business" (id. at 397 [internal quotation marks omitted]). Because the act of the employee was not within the scope of his employment, this Court determined that Hicksville Motors' insurer was not required to defend or indemnify (see id.). In essence, the activity of the employee did not arise out of "operations necessary or incidental to a garage business." In De Forte v Allstate Ins. Co. (81 AD2d 465), the plaintiff Florence De Forte sought defense for two incidents. The first incident occurred when De Forte was running an errand on behalf of the multiple dwelling that she operated (see id. at 466). She brought the guard dog for the multiple dwelling with her while running the errand in order to "protect her car from being stolen," and the guard dog allegedly bit a police officer when De Forte was stopped by the officer for speeding (id. at 467). The second occurred when De Forte was taking the guard dog to a veterinarian, and the dog allegedly bit another person (see id. at 466). De Forte maintained an insurance policy that provided coverage for damages due to bodily injury "arising out of the ownership, maintenance or use of the [multiple dwelling] and all operations necessary or incidental to the business of the Named Insured conducted at or from the insured premises" (id. at 467 [emphasis omitted]). The Appellate Division, Fourth Department determined that both incidents were "necessary or incidental" to De Forte's operation of the multiple dwelling because they involved its maintenance and the care of its guard dog (see id. at 468). For those incidents, "[a] business policy that protects the insured for occurrences away from the premises, incidental to the business, should be reasonably construed to provide coverage" (id. at [*6]469).
There is, thus, a glaring difference between an insurance policy that insures against losses arising from operations necessary or incidental to a business, which would ostensibly include all claims of bodily injury arising from an employee's negligence while that employee is acting within the scope of his or her employment for the business, and a policy that insures against losses arising from operations necessary or incidental to a premises, which include claims of bodily injury that must have some premises-based connection to the covered premises. Here, the insurance policy at issue covered only those damages that arose from the operations "necessary or incidental" to the premises, which is a narrower category of coverage. Despite the fact that the alleged incident occurred while the restaurant's employee may have been acting in the scope of his employment, the incident did not occur as a result of any activity that was connected to the operation of the premises. In sum, "the phrase 'operations necessary or incidental to those premises' is not broad enough to include business-related activity necessary or incidental to [the insured's] business operations" (Tudor Ins. Co. v Golovunin, 2013 WL 5437025, *7, 2013 US Dist LEXIS 140186, *23 [ED NY, No. 07CV4792 (KAM)] [emphasis and internal quotation marks omitted]; see Accessories Biz, Inc. v Linda & Jay Keane, Inc., 533 F Supp 2d at 389), and the employee's actions were "in no way incidental to the enjoyment, use or maintenance of the [covered] premises themselves" (Illinois Union Ins. Co. v Midwood Lbr. & Millwork, Inc., 2014 WL 639420, *8, 2014 US Dist LEXIS 19981, *23).
For those reasons, the plaintiff has failed to make a prima facie showing that the insurer was required to provide coverage for the underlying action, and her motion for summary judgment should have been denied irrespective of the sufficiency of the insurer's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). For the same reasons, the defendants demonstrated the insurer's prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it, and the plaintiff failed to raise a triable issue of fact in opposition. Therefore, that branch of the defendants' motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against the insurer should have been granted.
Accordingly, the order is reversed, on the law, the plaintiff's motion for summary judgment on the complaint insofar as asserted against the insurer is denied, and that branch of the defendants' motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against the insurer is granted.
CONNOLLY, J.P., CHAMBERS and VOUTSINAS, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant DB Insurance Co., Ltd., is denied, and that branch of the motion of the defendants DB Insurance Co., Ltd., and International Underwriting Agency, Inc., which was, in effect, for summary judgment dismissing the complaint insofar as asserted against the defendant DB Insurance Co., Ltd., is granted.
ENTER:
Darrell M. Joseph
Clerk of the Court

Footnotes

Footnote 1:* There is some confusion in the record as to the address of the insured's restaurant. In the underlying action, the plaintiff identified the address of the restaurant as 305 Smith Street, and the insurer recites that address in the disclaimer letter. However, the policy documents in the record indicate that the mailing address of the insured is 305 Union Street and specifically identify the location of the covered premises as 305 Union Street. Since the parties do not dispute that the policy covered the location of the restaurant and that the alleged incident did not occur on the premises of the restaurant, the precise address of the restaurant is immaterial to our analysis.